GLD-271                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2440
_____

KEITH STANLEY BROWN,
                                                            Appellant

v.

JEFFREY BEARD, Ph.D., Commissioner; PA DEPARTMENT OF CORRECTIONS;
RICHARD ELLERS, Bureau of Health; RAYMOND LAWLER, Warden;
BRIAN CORBIN, Deputy Warden; MARYLOU SHOWALTER, Health Administrator; P.
SHOAF, Medical Physician; HARRY POLAND, Physician Assistant;
CHRISTI RISCIGNO, Physician Assistant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 10-cv-01129)
District Judge:  Honorable William J. Nealon; previously, Honorable Malcolm Muir
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 18, 2011
Before:  AMBRO, CHAGARES and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 20, 2011)
_____

OPINION
_____

PER CURIAM

        Keith Stanley Brown, proceeding *pro se* and *in forma pauperis*, filed a complaint

pursuant to 42 U.S.C. § 1983 against various officials and medical personnel associated with the

1

Pennsylvania State Correctional Institution at Huntington, where he is an inmate.[1] Brown essentially alleged that beginning in November 2008, defendants deliberately refused him treatment for his umbilical hernia in violation of the Eighth and Fourteenth Amendments.

The District Court granted defendants' motions to dismiss Brown's complaint for failure to state a claim. In the same order, the District Court denied Brown's motions for a preliminary injunction and temporary restraining order, for a medical examination, and for the appointment of counsel. The District Court also deemed Brown's two motions for leave to file an amended complaint and his motion for further relief "withdrawn for failure to file a supporting brief." In addition, the District Court dismissed as moot Brown's motion "to compel a copy of his medical records" and defendants' motions to stay discovery. Brown appeals. He also presents a motion for appointment of appellate counsel.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the dismissal of Brown's claims. See McMullen v. Maple Shade Twp., 643 F.3d 96, 98 (3d Cir. 2011). We will affirm the District Court's denial of preliminary injunctive relief "unless the court abused its discretion, committed an obvious error of law, or made a serious mistake in considering the proof." Campbell Soup Co. v. ConAgra, Inc., 977 F.2d 86, 90 (3d Cir. 1992) (citing Bradley v. Pittsburgh Bd. Of Educ., 910 F.2d 1172, 1175 (3d Cir. 1990). We review the denial of motions for appointment of counsel and leave to amend a complaint for abuse of discretion. See Tabron v. Grace, 6 F.3d 147, 155 n.4 (3d Cir. 1993); Jones v. ABN Amro Mortg. Grp. Inc., 606 F.3d 119, 123 (3d Cir. 2010). Because there is no substantial question raised on

---

[1] The correct spellings of some of the defendants' names differ from the spellings provided by Brown and listed in the caption.

appeal, we will summarily affirm the District Court's judgment.  See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.

The District Court properly dismissed Brown's claim that defendants' failure to perform surgery on his hernia violated his Eighth Amendment rights.[2]  The Eighth Amendment mandates that prisoners receive access to basic medical treatment.  See Estelle v. Gamble, 429 U.S. 97, 104 (1976).  In order for a prisoner to state a claim under § 1983 for the denial of medical care, he must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  Id. at 106.  "Claims of negligence or medical malpractice, without some more culpable state of mind, do not constitute deliberate indifference."  Rouse v. Plaintier, 182 F.3d 192, 197 (3d Cir. 1999).  Generally, courts will not gainsay medical practitioners' professional judgments.  United States ex rel. Walker v. Fayette County, Pa., 599 F.2d 573, 575 n.2 (3d Cir. 1979); Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979).

Brown alleged that defendants knowingly refused him necessary surgery for his hernia despite the fact that a doctor at Altoona Hospital had recommended that he undergo an operation. It is evident from the documents on which Brown relied,[3] however, that the medical defendants

---

[2] Brown also alleged that defendants exhibited a "pattern of deliberate indifference" by refusing to allow him to undergo an "eye transplant."  His assertion that defendants acted with deliberate indifference is unfounded and conclusory; thus, it is "not entitled to the assumption of truth."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1951 (2009). Further, he did not provide a sufficient factual basis to "'nudge' . . . his claim . . . 'across the line from conceivable to plausible.'"  Id. (citing Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007).

[3] See McTernan v. City of York, 577 F.3d 521, 526 (3d Cir. 2009) ("In addition to the complaint itself, the court can review documents attached to the complaint[.]")

3

formed a medical judgment that Brown's hernia was reducible without surgery. [4]  See Complaint, Exhibits C & D.  A professional disagreement between doctors as to the best course of treatment does not establish an Eighth Amendment violation.  White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990).[5]  As Brown explained in his complaint, defendants prescribed him pain medication and an abdominal binder.  Complaint, ¶ 25 & page 13, § G.  They also regularly monitored his condition.  Id. at Exhibit C.  Even assuming the truth of Brown's allegations, defendants at worst treated Brown negligently.  Negligence or medical malpractice does not rise to the level of a constitutional violation.  See, e.g., Johnson v. Doughty, 433 F.3d 1001, 1015 (7th Cir 2006) (holding that a refusal to treat plaintiff's reducible hernia with surgery did not give rise to an Eighth Amendment violation.)

Brown alleges, further, that "Dr. Shoaf inform [sic] [Brown] that he is not gettin [sic] surgery because the prison has a budget[.]"  However, the mere assertion that defendants considered cost in treating Brown's hernia does not suffice to state a claim for deliberate

---

[4] Brown also named some non-medical prison personnel as defendants, some of whom investigated Brown's case.  Non-medical officials are entitled to depend on medical professionals' judgment.  See Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004) ("[A]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference."); Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993).

[5] Brown also argued that defendants illegally conspired to refuse him surgery in violation of 42 U.S.C. § 1985(1).  This section prohibits conspiracies designed to prevent an individual from "holding any office . . . under the United States, or from discharging any duties thereof[.]"  Brown's argument, so far as we understand it, is that defendants conspired to prevent the doctor at Altoona Hospital from discharging his duties.  The argument fails, however, because that doctor is not an officer of the United States.  Further, the doctor at Altoona Hospital was to provide a consultation, not to perform surgery.

indifference, as prisoners do not have a constitutional right to limitless medical care. See Reynolds v. Wagner, 128 F.3d 166, 175 (3d Cir. 1997) ("[T]he deliberate indifference standard of Estelle does not guarantee prisoners the right to be entirely free from the cost considerations that figure in the medical-care decisions made by most non-prisoners in our society.")

The District Court properly dismissed Brown's Fourteenth Amendment claim as well. The factual basis for Brown's equal protection claim is unclear from the complaint. Brown stated, "in the pass [sic] there where [sic] inmate here who didn't have to waite [sic] for there [sic] hernia . . . strangulation to get adequate care." As Brown does not claim membership in a protected class, he must allege arbitrary and intentional discrimination in order to state an equal protection claim. See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). Specifically, he must state facts showing that: "(1) the defendant[s] treated him differently from others similarly situated, (2) the defendant[s] did so intentionally, and (3) there was no rational basis for the difference in treatment." Hill v. Borough of Kutztown, 455 F.3d 225, 239 (3d Cir. 2006) (citing Olech, 528 U.S. at 564). Because Brown has failed to identify any other similarly situated inmates with a reducible hernia who were treated differently, his equal protection claim lacks merit.

For the reasons given above, the District Court properly dismissed Brown's complaint. The District Court also did not err in denying Brown's first request for leave to amend his complaint because the proposed amendment would have been futile; it would not have materially changed the complaint. See Massarsky v. General Motors Corp., 706 F.2d 111, 125 (3d Cir. 1983) ("The trial court may properly deny leave to amend where the amendment would not withstand a motion to dismiss."); see also Erie Telecommc'ns, Inc. v. City of Erie, 853 F.2d

1084, 1089 n.10 (3d Cir. 1988) ("An appellate court may affirm a correct decision by a lower court on grounds different than those used by the lower court in reaching its decision.") Furthermore, after dismissing the complaint, the District Court did not abuse its discretion by declining to consider the state-law negligence and medical malpractice claims Brown raised in his "motion to supplement" (his second attempt to amend his complaint). See 28 U.S.C. § 1367(c)(3). The District Court properly denied Brown's motion for further relief. In the motion (in which Brown cited Rule 60(b) of the Federal Rules of Civil Procedure for reasons that are unclear), he reminded the District Court of his pending motions for injunctive relief while presenting further examples of alleged mistreatment at the prison. In light of the dismissal of the complaint, no further relief (injunctive or otherwise) was appropriate.

In addition, the District Court did not abuse its discretion by denying Brown's motions for preliminary injunctive relief. Brown failed to demonstrate, among other factors, a reasonable likelihood of success on the merits of his case. See Council of Alt. Political Parties v. Hooks, 121 F.3d 876, 879 (3d Cir. 1997). Nor did the District Court, for similar reasons, abuse its discretion by denying Brown's motion for the appointment of counsel. See Tabron, 6 F.3d at 155-56. Lastly, the District Court did not err in denying Brown's pending discovery-related motions.

For these reasons, we will affirm the District Court's judgment. We also deny Brown's motion for appointment of counsel. See Tabron, 6 F.3d at 155-56.