**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 11-2198

_____

MICHAEL A. ROMERO,
                                        Appellant

v.

GEORGE HAYMAN, Commissioner of New Jersey Department of Correction,
individually and in his official capacity; LARRY GLOVER, Administrator of Northern
State Prison, individually and in his official capacity; PAUL MARKS, Chief Director of
Operations, individually and in his official capacity; SEARGEANT TYSON, individually
and in his official capacity; SEARGENT PORETTI, individually and in his official
capacity; INVESTIGATOR DOLCE, Senior Investigation Division, individually and in
his official capacity; JOHN DOE, Disciplinary Hearing Officer, individually and in his
official capacity

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2:09-cv-01041)
District Judge:  Honorable Katharine S. Hayden

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 3, 2012

Before:  AMBRO, FISHER and GARTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 6, 2012)

_____

OPINION

_____

PER CURIAM

Michael Romero, a New Jersey state prisoner proceeding pro se and in forma pauperis, appeals an order of the United States District Court that sua sponte dismissed his civil-rights complaint with prejudice. We will affirm in part, vacate in part, and remand for further proceedings.

As we write primarily for the parties, we will but briefly recite the relevant facts. Romero complained of conduct from 2007, when he was incarcerated at New Jersey State Prison. He alleged, inter alia, that the defendants denied him due process of law before placing him in restrictive custody or on disciplinary status; that the defendants seized and tampered with his legal materials, in violation of his right of access to the court; and that the defendants retaliated against him for "complaining about [their] actions and inactions." In a well-reasoned and thorough opinion, the District Court held that Romero had failed to state a claim upon which relief could be granted, dismissing the complaint with prejudice. See Romero v. Hayman, No. 09–1041, 2011 WL 1344218, at *10 (D.N.J. Apr. 8, 2011). This appeal followed.[1]

We are in full accord with most of the District Court's opinion. Romero's complaint is light on facts and appears, at times, to allege injuries for which 42 U.S.C. § 1983 is an improper legal remedy; for example, he repeatedly claims that the

_____

[1] We have jurisdiction under 28 U.S.C. § 1291, exercising plenary review over the District Court's sua sponte dismissal, accepting all well-pleaded allegations in the complaint as true, and drawing all reasonable inferences in Romero's favor. Capogrosso v. Sup. Ct. of N.J., 588 F.3d 180, 184 (3d Cir. 2009) (per curiam).

defendants violated *state* administrative procedures, but fails to realize that, "by its terms, [42 U.S.C.] § 1983 provides a remedy for violations of federal, not state or local, law." McMullen v. Maple Shade Twp., 643 F.3d 96, 99 (3d Cir. 2011). To the extent that the defendants are state employees, a suit against them in their official capacities is barred by Eleventh-Amendment immunity. See Betts v. New Castle Youth Dev. Ctr., 621 F.3d 249, 254 (3d Cir. 2010). Nor has Romero shown actual constitutional liability or personal involvement by a majority of the defendants. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Furthermore, "inmates are generally not entitled to procedural due process in prison disciplinary hearings because the sanctions resulting from those hearings do not usually affect a protected liberty interest," Burns v. Pa. Dep't of Corr., 642 F.3d 163, 171 (3d Cir. 2011); nor, for that matter, has Romero pleaded facts sufficient to imply that the disciplinary segregation to which he was subjected imposed an atypical hardship, see Griffin v. Vaughn, 112 F.3d 703, 706 (3d Cir. 1997). Finally, Romero did indeed fail to plead actual injury relating to his access-to-the-courts claim, Lewis v. Casey, 518 U.S. 343, 351 (1996), and his First Amendment retaliation claims were woefully undeveloped.

In dismissing Romero's complaint, the District Court observed that "[i]t does not appear that [Romero] could amend his pleading to cure the defects noted herein." Romero, 2011 WL 1344218, at *10. We agree that most of Romero's claims are defective in a way that implicates faults of both law and fact, so that amendment would

3

be futile. However, we are less certain about the futility of amending the First Amendment retaliation claim. To state a claim for retaliation, Romero must plead facts showing "(1) constitutionally protected conduct, (2) an adverse action by prison officials sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights, and (3) a causal link between the exercise of his constitutional rights and the adverse action taken against him." Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003) (alteration in original; citations and internal quotations omitted). Actions that are not in themselves constitutional torts may become so if substantially motivated by a desire to punish an individual for exercising a constitutional right. Id. As the District Court observed, Romero failed to plead both severity of retaliation and the required causal link, but he might nevertheless be able to do so if given an opportunity to amend his complaint. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (pro se plaintiff must be permitted to amend his complaint before dismissal unless doing so would be inequitable or futile).

Accordingly, out of an abundance of caution, we vacate the portion of the District Court's judgment that disposed of Romero's retaliation claims and remand for re-pleading of those claims.[2] We affirm the District Court's judgment on all other grounds. Judge Fisher would have affirmed the entire decision and we note his dissenting vote.

---

[2] We stress that today's disposition in no way compels the District Court to allow Romero's amended complaint to proceed should it prove defective under § 1915 or other screening statutes.