STATE OF NEW JERSEY, PLAINTIFF, v.
GREGORIO NAVARRO, DEFENDANT.

Municipal Court — Pilesgrove Township

August 29, 1978.

*Mr. Joel Solow*, attorney for the defendant (Camden Regional Legal Services, Inc.).

SCHEPPS, J. M. C. The issue before this court is purely a matter of law. Has *N. J. S. A.* 2A:170-30 (loitering or creating a disturbance while under the influence of intoxicating liquor) been repealed by *N. J. S. A.* 26:2B-1 *et seq.*, the Alcoholism Treatment and Rehabilitation Act, and in particular by *N. J. S. A.* 26:2B-29.

Defendant was arrested in the early morning hours of June 25, 1978 by the New Jersey State Police and charged with violating *N. J. S. A.* 2A:170–30. Bail was fixed in the amount of $250 and defendant was incarcerated in the Salem County Jail. Because defendant is a farmworker with a very low income he was unable to secure his release from the Salem County Jail until some 36 hours later.

Defendant moves to dismiss the complaint on the ground that *N. J. S. A.* 2A:170–30 has been repealed by *N. J. S. A.* 26:2B–29.

It is defendant's contention that if the State Police had reason to believe that he was intoxicated and incapacitated on the night of his arrest, he should have been assisted to an intoxication treatment center rather than arrested and incarcerated in the Salem County Jail.

*N. J. S. A.* 26:2B–16 states:

> * * * Any person who is intoxicated in a public place and who a police officer has reason to believe is incapacitated shall be assisted by the police officer to an intoxication treatment center or other facility.
> * * * A person assisted to a facility pursuant to the provisions of this section, shall not be considered to have been arrested and no entry or other record shall be made to indicate that he has been arrested.

It is no excuse for the State Police to claim that this was too much trouble, because the Salem County Alcohol Abuse Program is located in Salem, N. J., the very place where defendant was incarcerated. The Salem County Alcohol Abuse Program is available 24 hours a day and has the necessary expertise to deal with alcoholism, which the Salem County Jail does not. *N. J. S. A.* 26:2B–7.

The legislative intent in enacting *N. J. S. A.* 26:2B–1 *et seq.* was to supersede and repeal inconsistent statutory requirements. The Legislature was well aware that its enactment would repeal existing law.

*N. J. S. A.* 26 :2B–29 states:

"Notwithstanding any other provision of law, no county, municipality, or other jurisdiction within the State shall adopt an ordinance, resolution, or other legislation creating an offense of public intoxication or any equivalent offense, and any existing ordinance, resolution, or other legislation creating an offense of pub-hereby repealed.

█ New laws altering fundamental assumptions relied on by old law will work to supersede earlier inconsistent statutes. *N. J. State P.B.A. v. Morristown, 65 N. J.* 160 (1974).

█ The motion to dismiss the complaint made by defendant's attorney is granted. In doing so this court holds that *N. J. S. A.* 2A :170–30 has been repealed by *N. J. S. A.* 26 :2B–1 *et seq.,* the Alcoholism Treatment and Rehabilitation Act.