PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

——————

No. 09-4479

——————

JOSEPH W. MCMULLEN, individually
and on behalf of all others similarly situated.;
*CHRISTOPHER OBCHINETZ,

v.

MAPLE SHADE TOWNSHIP, in its own right
and on behalf of similarly situated New Jersey
Municipal entities

Joseph W. McMullen, individually
and on behalf of all others similarly situated,

Appellant

(*Dismissed per Clerk's order of 7/26/10)

——————

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 08-cv-02902)
District Judge:  Honorable Robert B. Kugler

——————

Argued December 16, 2010
Before:  JORDAN, HARDIMAN and
VAN ANTWERPEN, *Circuit Judges*.

(Filed:June 27, 2011)

Steven E. Angstreich [ARGUED]
Carolyn C. Lindheim
Weir & Partners
1339 Chestnut Street
The Widener Building, Suite 500
Philadelphia, PA 19107-0000

David A. Avedissian
135 Kings Highway East
Haddonfield, NJ 08033-0000

Michael Coren
Pellettieri, Rabstein & Altman
100 Nassau Park Boulevard
Suite 111
Princeton, NJ 08543-5301
        *Attorneys for Appellant*

John C. Gillespie [ARGUED]
Parker McCay
7001 Lincoln Drive West
3 Greentree Centre, P.O. Box 974
Marlton, NJ 08053-0000
        *Attorney for Appellee*

————————

OPINION OF THE COURT

————————

HARDIMAN, *Circuit Judge*.

This appeal involves a suit brought under 42 U.S.C. § 1983 by a New Jersey resident who was arrested by municipal police for violating a public intoxication ordinance. At issue is whether a federal cause of action exists when one is arrested for violating an ordinance that might be invalid under state law. We hold that it does not.

I

In October 2007, Joseph McMullen was arrested in Maple Shade, New Jersey for violating the following ordinance:

> A.     No Person shall be intoxicated or drunk or disorderly in any public street, lane, sidewalk, public parking lot, public or quasi-public place or in any public conveyance or in a private motor vehicle while such vehicle is in motion or parked in any public street, lane or public parking lot or while upon any private property not his or her own without the express permission of the owner or other person having authority to grant such permission to the annoyance of any person *or be so intoxicated or drunk as to be unable to conduct himself or herself with due care for his or her safety or the safety of other persons.*

3

MAPLE SHADE TOWNSHIP, N.J., CODE § 142-2 (emphasis added).[1] McMullen acknowledges being intoxicated at the time of his arrest, but denies acting disorderly.

During a hearing in Maple Shade Municipal Court, McMullen claimed the Township's public intoxication ordinance was either superseded by or contrary to the New Jersey Alcoholism Treatment and Rehabilitation Act (ATRA). *See* N.J. STAT. ANN. §§ 26:2B-6 to -9.3, -11 to -39 (West 2007). ATRA provides:

> Notwithstanding any other provision of law, no county, municipality, or other jurisdiction within the State shall adopt an ordinance, resolution, or other legislation creating an offense of public intoxication or any equivalent offense, and any existing ordinance, resolution, or other legislation creating such an offense is hereby repealed.

*Id.* at § 26:2B-29.[2] Persuaded by this argument, Municipal Judge Gregory R. McCloskey dismissed the charge against McMullen.

---

[1] The District Court correctly noted that McMullen "may have been arrested and prosecuted for violating a prior version of the [ordinance], previously codified at Maple Shade Township Code § 92-2(A) (1997)." *McMullen v. Maple Shade Twp.*, No. 08-2902, 2009 WL 3615035, at *1 n.2 (D.N.J. Oct. 28, 2009). This discrepancy is immaterial, however, because Section 92-2(A) is identical to § 142-2.

4

McMullen brought suit in the United States District Court for the District of New Jersey, alleging that § 142-2 of the Maple Shade Code was invalid under ATRA, and that his arrest and prosecution violated his Fourth Amendment right to be free from unreasonable seizures as well as his Fourteenth Amendment right to due process of law.[3] McMullen also brought various state law claims for violations of the New Jersey Constitution, the New Jersey Civil Rights Act, and the common law. *See* 28 U.S.C. § 1367. The Township moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that McMullen failed to state a claim for violation of a federal right.

The District Court granted the Township's motion to dismiss, stating that "[d]espite [McMullen's] best efforts to dress-up [his] claim in the federal garb of the Fourth Amendment, at bottom, these claims remain state law claims." *McMullen v. Maple Shade Twp.*, No. 08-2902, 2009

---

[2] ATRA also prohibits municipalities from passing laws "rendering public intoxication or being found in any place in an intoxicated condition an offense," or that are "inconsistent with the provisions and policies of th[e] act." N.J. STAT. ANN. § 26:2B-26 (West 2007).

[3] Christopher Obchinetz, who was arrested and fined for violating the same ordinance, also sued, but was dismissed from this appeal by order dated July 26, 2010. We also note that although McMullen repeatedly refers to this suit as a "class action," he has made no attempt to certify a class. Consequently, the only parties to this action are McMullen and Maple Shade Township.

WL 3615035, at *4 (D.N.J. Oct. 28, 2009). After dismissing McMullen's federal claims, the Court declined to exercise supplemental jurisdiction over his state law claims. This appeal followed.[4]

II

We exercise plenary review over the dismissal of a complaint pursuant to Rule 12(b)(6). *See Atkinson v. LaFayette College*, 460 F.3d 447, 451 (3d Cir. 2006). "The District Court's judgment is proper only if, accepting all factual allegations as true and construing the complaint in the light most favorable to the plaintiff, we determine that the plaintiff is not entitled to relief under any reasonable reading of the complaint." *McGovern v. City of Philadelphia*, 554 F.3d 114, 115 (3d Cir. 2009) (citing *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008)).

III

This appeal requires us to consider whether an arrest made pursuant to an ordinance that may be invalid on state law grounds can give rise to a federal claim. The District Court held that it may not. The Court's analysis focused on whether there is a federal right to engage in the conduct at issue in this case, namely public drunkenness. After determining that such a right did not exist, the District Court dismissed McMullen's federal claim. Although the District Court stated that "it goes without saying that if New Jersey has, in fact, legalized public intoxication, then New Jersey

---

[4] The District Court exercised jurisdiction pursuant to 28 U.S.C. §§ 1331, 1367. We have jurisdiction under 28 U.S.C. § 1291.

localities should not enact or enforce laws prohibiting it," it nevertheless concluded that "if they do [prohibit public intoxication], New Jersey state court is the proper forum for the resolution of the matter." *McMullen*, 2009 WL 3615035, at *4.

Unlike the District Court, we do not believe the operative question in this case is whether there is a federally protected right to be intoxicated in public. Instead, we frame the issue as whether there is a federally protected right to be free from arrest pursuant to a law alleged to be invalid on state law grounds.

Section 1983 grants individuals "access to a federal forum for claims of unconstitutional treatment at the hands of state officials." *Heck v. Humphrey*, 512 U.S. 477, 480 (1994). The statute provides:

> Every person, who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Thus, by its terms, § 1983 provides a remedy for violations of federal, not state or local, law.

Some of our sister circuit courts of appeals have stated that an arrest pursuant to a statute that has been invalidated on

7

federal constitutional grounds may give rise to a Fourth Amendment claim. *See Amore v. Novarro*, 624 F.3d 522, 532 (2d Cir. 2010) ("[W]e assume that it is clearly established that an arrest under a statute that has been authoritatively held to be unconstitutional is ordinarily a constitutional violation."); *Leonard v. Robinson*, 477 F.3d 347, 358 (6th Cir. 2007) (stating that a statute held unconstitutional by the Michigan Court of Appeals could not support probable cause to arrest); *Cooper v. Dillon*, 403 F.3d 1208, 1223 (11th Cir. 2005) (imposing municipal liability for enforcement of a statute held to violate the First Amendment, but granting qualified immunity because the statute's invalidity was not clearly established).

In this appeal, the Township contends that an arrest based on a law that is invalid only on state law grounds does not violate the Fourth Amendment. In support of its argument, the Township cites *City of Ontario v. Quon*, --- U.S. ---, 130 S. Ct. 2619, 2632 (2010), in which the Supreme Court held that a search made in violation of a statute is not *per se* unreasonable for Fourth Amendment purposes. We find the Court's holding in *Quon* inapposite. Although it is true that an arrest made in violation of state law does not necessarily give rise to a federal constitutional claim,[5] the

---

[5] Many states have enacted laws that afford individuals protections beyond those found in the United States Constitution. But arrests made in violation of these state laws are not, in and of themselves, actionable under § 1983. *See, e.g.*, *Virginia v. Moore*, 533 U.S. 164, 168 (2008) (search incident to arrest that was illegal under state law not unreasonable under the Fourth Amendment); *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995) (right under Kentucky law

issue in this appeal is whether an arrest pursuant to an allegedly *invalid* municipal ordinance directly offends the federal constitutional right to be free from unlawful arrest. As noted previously, other courts of appeals have held that an arrest made pursuant to a statute that has been declared unconstitutional violates the Fourth Amendment. These decisions are not predicated on the reason for a statute's invalidity; rather, they are animated by the principle that an unambiguously invalid law cannot, by itself, provide probable cause to arrest. *Cf. Lemon v. Kurtzman*, 411 U.S. 192, 208 (1973) (plurality opinion) (stating that state officers may only enforce state law "[u]ntil judges say otherwise"); *Doe v. Metro. Police Dep't*, 445 F.3d 460, 469 (D.C. Cir. 2006) (holding that a state statute that is unambiguously *civil* cannot form the basis for a proper arrest, and may support a claim

---

not to be arrested by officer who was not present when misdemeanor was committed does not support § 1983 claim); *Barry v. Fowler*, 902 F.2d 770 (9th Cir. 1990) (refusing to allow a § 1983 claim based solely on a violation of state law); *Clark v. Link*, 855 F.2d 156, 163 (4th Cir. 1988) ("[A] section 1983 claim can only be sustained by allegations and proof of a violation of the Constitution or statutes of the United States and specifically may not rest solely on a violation of state statutes or qualify as a common law tort."); *Moore v. Marketplace Restaurant, Inc.*, 754 F.2d 1336, 1349 (7th Cir. 1985) ("[A]n alleged violation of a state statute does not give rise to a corresponding § 1983 violation, unless the right encompassed in the state statute is guaranteed under the United States Constitution."). In each of these cases, probable cause existed independent of state law. By contrast, McMullen argues that because Maple Shade's ordinance was invalid, it cannot provide probable cause for an arrest.

under § 1983). Thus, in certain circumstances, an arrest pursuant to a law that is unambiguously invalid for reasons based solely on state law grounds may constitute a Fourth Amendment violation actionable under § 1983.

Here, however, McMullen has failed to state a viable Fourth Amendment claim because he cannot plead that the ordinance pursuant to which he was arrested is unambiguously invalid. McMullen's cause of action hinges on ATRA's alleged preemption of the Maple Shade public intoxication ordinance. It is unclear, however, that the ordinance is in fact preempted. It does not prohibit simple public intoxication, but rather proscribes intoxication "to the annoyance of any person" or to the degree that the individual is "unable to conduct himself or herself with due care for his or her safety or the safety of other persons." MAPLE SHADE TOWNSHIP, N.J., CODE § 142-2.

Complicating matters further, another provision of New Jersey state law—the Home Rule Act—authorizes "[t]he governing body of every municipality to make, amend, repeal and enforce ordinances to . . . [p]revent vice, drunkenness and immorality; . . . [and to] [r]estrain and punish drunkards, vagrants, mendicants and street beggars." N.J. STAT. ANN. § 40:48-1.[6] The apparent conflict between ATRA and the Home Rule Act creates additional ambiguity regarding the validity of Maple Shade's public intoxication ordinance.

---

[6] Although this provision of the Home Rule Act was originally enacted in 1917, the Act has been amended as recently as 2003 without substantive changes to the provision authorizing municipalities to enact public intoxication ordinances. *See* 2003 N.J. Sess. Law. Serv. 1763.

10

Although there is some indication that New Jersey municipal courts have interpreted ATRA expansively, *see State v. Navarro*, 392 A.2d 1272, 1272 (Pilesgrove Twp. Mun. Ct. 1978) (finding that New Jersey's public intoxication statute was preempted by ATRA, but not discussing the Home Rule Act or municipal public intoxication laws), no conclusive decision has been rendered with respect to this issue. Because it is not the domain of federal courts to resolve undecided questions of state law, *cf. R.R. Comm'n of Tex. v. Pullman*, 312 U.S. 496, 501 (1941) (holding that federal courts should abstain from deciding constitutional questions relating to state laws when there is a possibility that state courts may interpret the laws in a way that alters or eliminates the federal question), we must reject McMullen's invitation to serve as an arbiter of New Jersey law and leave that task to the New Jersey Supreme Court.

IV

For the reasons stated, we hold that McMullen's claim is not cognizable under 42 U.S.C. § 1983. The judgment of the District Court will be affirmed.

11

*Joseph W. McMullen v. Maple Shade Township*, No. 09-4479
JORDAN, *Circuit Judge*, concurring


I join in the judgment of the Court that Maple Shade Township is not liable under 42 U.S.C. § 1983 for passing the ordinance at issue here. However, I write separately because I would not proceed on this record to create a new precedential standard making the validity of a municipal ordinance under state law relevant to a Fourth Amendment inquiry. As the Majority notes (slip op. at 8-10), Maple Shade's public drunkeness ordinance, MAPLE SHADE TOWNSHIP, N.J., CODE § 142-2, has not been held invalid under New Jersey law and, to the contrary, can reasonably be read as being consistent with the state's Alcoholism Treatment and Rehabilitation Act ("ATRA"), N.J. STAT. ANN. §§ 26:2B-6 to -9.3, -11 to -39 (West 2007). Therefore, accepting for purposes of argument that the plaintiff's contention concerning the validity of the ordinance is relevant to a Fourth Amendment analysis, we would still be hard-pressed to say that New Jersey law is such that Maple Shade could be found liable under § 1983.[1] The Majority

---

[1] The whole exercise of deciding what state law is and then having that be the basis of liability under § 1983 is suspect. The Majority accurately states that "§ 1983 provides a remedy for violations of federal, not state or local, law." (Slip op. at 6.) Yet the Majority is creating a constitutional standard under which the Fourth Amendment reasonableness of an arrest turns on whether a local law is invalid for violating state, not federal, law. "Th[at] constitutional standard would be only as easy to apply as the underlying state law, and state law can be complicated indeed." *Virginia*

1

acknowledges as much, and it is not necessary to go any further.

Thus, the question of whether the validity of a municipal ordinance under state law is relevant to a Fourth Amendment inquiry is not one we need to address to resolve this case. Because the plaintiff's fundamental premise that the Maple Shade ordinance and ATRA are necessarily in conflict is unsound, we should simply point that out and affirm the District Court in a non-precedential opinion. *Cf. Pearson v. Callahan*, 129 S.Ct. 808, 819 (2009) ("A constitutional decision resting on an uncertain interpretation of state law is … of doubtful precedential importance."); *Spector Motor Serv., Inc. v. McLaughlin*, 323 U.S. 101, 105, (1944) ("If there is one doctrine more deeply rooted than any other in the process of constitutional adjudication, it is that we

---

*v. Moore*, 553 U.S. 164, 175 (2008). It is true that the Majority frames its test in terms of "an arrest pursuant to a law that is unambiguously invalid … on state law grounds" (slip op. at 8), but deciding whether something is ambiguous or not is, ironically, easier said than done, and the very question of ambiguity will now mean that municipalities like Maple Shade are going to be subject to the expense of federal litigation more frequently. The Supreme Court has observed that "it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law." *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 106 (1984). That observation is not without force when considering the actions of local governments and officials trying to comply with state law.

ought not to pass on questions of constitutionality … unless such adjudication is unavoidable."); *Egolf v. Witmer*, 526 F.3d 104, 109-10 (3d Cir. 2008) (declining to address the merits of First and Fourth Amendment claims which turned on an unsettled state law question when another avenue for disposition was available, because "federal courts do a disservice to state actors who would be induced to rely on a ruling that might change altogether upon subsequent review by the state court").