NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3120
_____

WARREN K. GLADDEN,
                              Appellant

v.

HILDA L. SOLIS,
SECRETARY, U.S. DEPARTMENT OF LABOR
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 5-10-cv-05475)
District Judge:  Honorable Lawrence F. Stengel
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 12, 2012

Before:  FUENTES, GREENAWAY, JR. and BARRY, Circuit Judges

(Opinion filed: July 24, 2012 )
_____

OPINION
_____

PER CURIAM

        Warren K. Gladden sued the Secretary of the Department of Labor, alleging that

he was discriminated against on the basis of race and age when he was not hired by the

Department of Labor as an Equal Opportunity Specialist. He also claimed that the Secretary did not hire him in retaliation for his having engaged in activities protected by Title VII and the Age Discrimination in Employment Act ("ADEA"). The Secretary moved to dismiss Gladden's complaint for failure to state a claim, or, in the alternative, for failure to exhaust administrative remedies. The District Court dismissed the complaint after concluding that Gladden could not state a plausible claim for relief based on his allegations and the attachments to the complaint. Gladden appeals.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review is plenary. See McMullen v. Maple Shade Twp., 643 F.3d 96, 98 (3d Cir. 2011). Because no substantial question is raised by this appeal, we will summarily affirm the District Court's judgment. See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.

To establish a *prima facie* case of employment discrimination under Title VII on the basis of race or age, a plaintiff must show that he or she is a member of a protected class, was qualified for the position, was not hired, and that, under circumstances that raise an inference of discriminatory action, the employer continued to seek out individuals with qualifications similar to the plaintiff's to fill the position. See Sarullo v. United States Postal Serv., 352 F.3d 789, 797 (3d Cir. 2003). Whereas Title VII claims can be maintained with a showing that an improper consideration was a motivating factor for the employer's action, see Gross v. FBL Financial Servs., Inc., 557 U.S. 167, 174 (2009), a claim under the ADEA requires a showing that "age was the 'but-for' cause of the employer's adverse action," id. at 177. However, to survive a motion to dismiss, a

2

plaintiff need not establish the elements of a *prima facie* case; a plaintiff merely must "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." Fowler v. UPMC Shadyside, 578 F.3d 203, 213 (3d Cir. 2009) (internal quotation and citations omitted).

We accordingly turn to Gladden's complaint to see if he pleaded "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). See also Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 176-177 (3d Cir. 2010) (discussing the Twombly/Iqbal standard). As we have noted previously, Twombly's "plausibility paradigm . . . applies with equal force to analyzing the adequacy of claims of employment discrimination." Fowler, 578 F.3d at 211 (citing Wilkerson v. New Media Tech. Charter Sch., Inc., 522 F.3d 315, 322 (3d Cir. 2008)).

Gladden alleged that he is a member of a protected class based on his race and age, but he did not otherwise put forth plausible allegations that raised a reasonable expectation that discovery will show that he was qualified or not hired based on improper considerations of race, age, or prior protected activities. As the District Court explained, Gladden himself described, in his complaint and by reference to the attachments to his complaint (including the job announcement), that the position for which he applied required highly specialized experience. Gladden also noted that the human resources specialist who evaluated his application concluded that he was not qualified for a position

3

as an Equal Opportunity Specialist. As she noted, his application for the position, which he provided in support of his complaint, did not include the necessary relevant qualifying experience. Furthermore, Gladden did not otherwise raise the inference that the decision was based on discriminatory grounds. For instance, he alleged that the human resources specialist noted that she was unaware of his race and age in making her decision. He made a claim that she should have collected that information, but he made no suggestion that she did know it when she made her decision.

In short, as the District Court concluded, Gladden failed to set forth a plausible claim for relief. We will affirm the District Court's judgment.