**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2221
_____

FELDON BUSH, SR.;
JAMES HILL;
ANTHONY ALLEN

v.

ED RENDELL, Governor; SECRETARY DEPARTMENT OF CORRECTIONS;
LAMAS, Superintendent of S.C.I. Rockview; H. SCOTT CONKLIN, President Centre County
Prison; EDWARD P. DESABATO, Warden Centre County; PRIME CARE MEDICAL, INC.;
NURSE DAWN; NURSE MARY ANN; LT. FLASHER;LT. GORDON; C.O. CALHOUN,
Mail Inspector; LPN MICHELE; RICHARD ROGERS

FELDON BUSH, SR.;
ANTHONY ALLEN,
                        Appellants
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-10-cv-02246)
District Judge:  Honorable Sylvia H. Rambo
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 14, 2013
Before:  SMITH, CHAGARES and SHWARTZ, Circuit Judges

(Opinion filed: August 14, 2013)
_____

OPINION
_____

PER CURIAM

Feldon Bush, Sr., Anthony Allen, and James Hill ("Plaintiffs"), each of whom were serving state prison sentences at Centre County Correctional Facility ("CCCF"), filed a pro se amended complaint in the District Court pursuant to 42 U.S.C. § 1983, naming several state officials and corrections employees as defendants in both their individual and official capacities. The amended complaint, which included a motion for class certification, alleged that (1) the failure to address prison overcrowding by some of the defendants caused Plaintiffs to be transferred to CCCF from another state institution, in violation of their due process rights; (2) inmates at CCCF received inadequate food, water, heat, ventilation, access to the courts, legal materials, religious services, recreation time, visitation, haircuts, commissary prices, medical and mental health treatment, and were subjected to vague and discriminatory disciplinary policies, in violation of the First, Eighth, and Fourteenth Amendments; and (3) Plaintiffs were treated differently than similarly situated inmates at other institutions, in violation of their equal protection rights.

The District Court denied Plaintiffs' motion for class certification. It also denied their motion for injunctive relief, in which they had alleged that CCCF officials provided inadequate medical treatment, issued false disciplinary charges, engaged in racial discrimination, interfered with grievances, unlawfully retaliated, and were tampering with and destroying their legal mailings.[1] The various defendants filed motions to dismiss pursuant to Fed. R. Civ. P.

---

[1] The District Court explained that most of the motion's allegations involved past harms for which injunctive relief was unavailable. The Court found that the mail tampering allegation could constitute an ongoing harm, but that more specificity was needed. Plaintiffs were ordered to provide the names of the officials allegedly tampering with their mail, and to the

2

12(b)(6), which the District Court granted. Plaintiffs Bush and Allen timely filed this pro se appeal. After Bush and Allen failed to timely file a brief, the Clerk granted the Appellees' motions to dismiss the appeal pursuant to F.R.A.P. 3(a) and LAR Misc. 107.2(b). Allen later filed a pro se brief, however, and we granted his accompanying motion to reopen the appeal.[2] For the following reasons, we will affirm the District Court's April 10, 2012 order of dismissal.

We first address the argument by Leann Roan, LPN, Dawn Rider, RN, and PrimeCare Medical, Inc. (collectively the "Medical Defendants"), that they are not proper parties to this appeal. Bush and Allen appealed from the District Court's April 10, 2012 order, which granted motions to dismiss filed by (1) Centre County Commissioner Richard Rogers, Centre County Prison Board President H. Scott Conklin, and CCCF Warden Edward DeSabato (collectively the "County Defendants"); and (2) Governor Edward G. Rendell, Department of Corrections Superintendent Shirley Moore Smeal, and SCI-Rockview Superintendent Marirosa Lama (collectively the "Commonwealth Defendants"). The record reflects that Plaintiffs asserted claims against the Medical Defendants in their second and third amended complaints, but that the District Court's December 7, 2011 order struck those complaints at Plaintiffs' request. The

---

extent those individuals were not named as defendants in the first amended complaint, Plaintiffs were instructed to file a second amended complaint including them. Plaintiffs originally sought to file a second amended complaint adding the new defendants and claims, but ultimately decided to stand on their first amended complaint in this action and pursue the mail tampering and other claims in a separate suit, see Bush v. Prime Med. Care, Inc., 1:11-cv-1738 (M.D. Pa. filed Sept. 19, 2011).

[2] We denied, however, Allen's accompanying motions (1) for a "Temporary Restraining Order," (2) "To Enter Default Judgment," and (3) for appointment of counsel. We do not reach Bush's claims because he did not file a motion to reopen. See 28 U.S.C. § 1654; Iannaccone v. Law, 142 F.3d 553, 558 (2d Cir. 1998).

District Court noted that Plaintiffs expressed a desire to "reinstate the first original amended complaint and all claims raised therein," and had indicated that they would pursue their claims against the Medical Defendants in a separate action.[3] Thereafter, the District Court deemed the Medical Defendants' previously filed motion to dismiss to be moot. Accordingly, we conclude the Medical Defendants are not proper parties to this appeal because Plaintiffs did not assert claims against them in the operative amended complaint.

With respect to Plaintiffs' claims against the County and Commonwealth Defendants (collectively "Defendants"), we exercise jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the District Court's order granting Defendants' motions to dismiss. See McMullen v. Maple Shade Twp., 643 F.3d 96, 98 (3d Cir. 2011).[4] In order to survive motions to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In deciding whether the District Court's dismissal was proper, we "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996).

We agree with the District Court that Plaintiffs cannot succeed on their claims against the County and Commonwealth Defendants in their official capacities. A municipality or other

---

[3] To the extent that Plaintiffs seek to challenge the District Court's ruling on the claims asserted against the Medical Defendants in M.D. Pa. Civ. No. 1:11-cv-1738, such a challenge is properly raised through an appeal from the judgment in that separate action.

[4] We do not consider whether the District Court erred by denying Plaintiffs' request for injunctive relief, as Allen failed to raise any such challenge in his appellate brief. See Laborers' Int'l Union v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994).

local governing body cannot be held liable pursuant to a theory of respondeat superior in an action under § 1983, see Groman v. Township of Manalapan, 47 F.3d 628, 637 (3d Cir. 1995), and Plaintiffs failed to allege that Centre County maintained a policy or custom that resulted in constitutional violations, see id. (citing Monell v. Department of Social Services, 436 U.S. 658, 694-95 (1978)). And Plaintiffs' claims against the Commonwealth Defendants in their official capacities are barred by the Eleventh Amendment. See Melo v. Hafer, 912 F.2d 628, 635 (3d Cir. 1990).

We further agree with the District Court that the amended complaint failed to state a claim under the Due Process Clause of the Fourteenth Amendment arising from Plaintiffs' transfers to CCCF from SCI-Rockview. Allen argues in his appellate brief that "due process was violated when he was not informed of being transferred to a county maximum security place of confinement outside of the sentencing judge's order of six to twelve years, 'to be served in a state correctional institution.'" However, as the District Court recognized, inmates have no constitutional right to placement in a particular institution. See Olim v. Wakinekona, 461 U.S. 238, 250-51 (1983). We decline to address Allen's argument that his transfer violated Pennsylvania law because that claim is not cognizable in an action under § 1983. See McMullen, 643 F.3d at 99 (recognizing that "§ 1983 provides a remedy for violations of federal, not state or local, law"); see also Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 541 (1985) (observing that the question of "what process is due" is a matter of constitutional law, not state law).

Allen does not challenge the District Court's denial of class certification regarding Plaintiffs' various First, Eighth, and Fourteenth Amendments conditions of confinement

claims, and therefore waives the issue on appeal. See Kopec v. Tate, 361 F.3d 772, 775 n.5 (3d Cir. 2004). Plaintiffs did not seek leave to amend the language of those claims following the District Court's denial of class certification, and Allen's appellate brief does not argue that the District Court should have provided them with such an opportunity. See id. Accordingly, we examine only whether Plaintiffs stated a claim under the First, Eighth, or Fourteenth Amendments in the operative amended complaint.

We conclude that the majority of these claims, which are phrased broadly with the intent to assert claims on behalf of CCCF inmates generally, fail to allege personal involvement by any of the named defendants in creating or maintaining unconstitutional conditions of confinement, see Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988), and also fail to allege personal injury to Plaintiffs, see Lewis v. Casey, 518 U.S. 343, 357 (1996).

Finally, we conclude that Plaintiffs' amended complaint failed to state a claim under the Equal Protection Clause. Plaintiffs alleged that as state inmates confined at CCCF they were denied the benefits enjoyed by inmates at other state institutions. In order to state a claim, however, Plaintiffs were required to allege that their transfer to and housing at CCCF was intentionally discriminatory. See Andrews v. Philadelphia, 895 F.2d 1469, 1478 (3d Cir. 1990). Instead, they acknowledge that they were transferred to CCCF in an effort to ease overcrowding at state institutions. Because Plaintiffs do not dispute that there was a rational basis for their transfer, the District Court was correct that they cannot succeed on an equal protection claim. See Moss v. Clark, 886 F.2d 686, 690-92 (4th Cir. 1989); Jamieson v. Robinson, 641 F.2d 138, 142 (3d Cir. 1981).

In accordance with the above, the judgment of the District Court will be affirmed.