BLD-368                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1427
_____

DION LEE MCBRIDE,
on his own behalf and on
behalf of the Inmates of the Allegheny County Jail,

Appellant

v.

THE WARDEN OF THE ALLEGHENY COUNTY JAIL
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2:13-cv-00400)
Magistrate Judge: Honorable Lisa Pupo Lenihan
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 28, 2014

Before: AMBRO, CHAGARES and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 17, 2014)
_____

OPINION
_____

PER CURIAM

Dion Lee McBride appeals from the District Court's order granting the

Defendant's motion to dismiss his pro se civil rights complaint for failure to state a

claim. For the reasons set forth below, we will summarily affirm the District Court's order.

While incarcerated at the Allegheny County Jail, McBride filed a complaint under 42 U.S.C. § 1983. In his complaint, McBride alleged that the Defendant interfered with his right of access to the courts during a period between August 20, 2012 and December 8, 2012. Specifically, he claimed that the Defendant failed to provide an adequate law library with access to legal forms and computers. He also alleged that "jail liaisons" ignored his requests for legal assistance. McBride claimed that such actions undermined his ability to timely request appointment of counsel in his criminal case.[1] Although counsel was ultimately appointed, McBride alleged that the delay in obtaining representation resulted in a violation of his right to a speedy trial under Pennsylvania Rule of Criminal Procedure 600.

After McBride filed his complaint, the Defendant moved to dismiss it under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The District Court granted the motion, determining that McBride had not stated a valid access-to-courts claim. In particular, he failed to allege facts demonstrating that he suffered an actual injury. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the District Court's order granting Defendant's motion to dismiss. See McMullen v. Maple Shade Twp., 643 F.3d 96, 98 (3d Cir. 2011). In order to survive a motion to dismiss

___

[1] McBride was incarcerated at that time as a result of a probation violation in a separate criminal case. The state criminal case at issue in this appeal is still pending.

under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994).

The District Court properly dismissed McBride's complaint. As the District Court correctly noted, a prisoner raising an access-to-courts claim must show that the denial of access caused him to suffer an actual injury. See Lewis v. Casey, 518 U.S. 343, 351 (1996). An actual injury occurs when the prisoner is prevented from pursuing or has lost the opportunity to pursue a "nonfrivolous" and "arguable" claim. See Christopher v. Harbury, 536 U.S. 403, 415 (2002). The prisoner must describe any such lost claims in his complaint. Id.

As mentioned, McBride argued that the inadequacies of the prison law library precluded him from obtaining counsel which resulted in a violation of his speedy trial rights. But, as the District Court determined, the state court docket reflects that McBride was, in fact, represented by counsel during the period in question. The record indicates that McBride was represented by a private attorney until November 26, 2012, at which time he was appointed a public defender.

3

On appeal, McBride disputes that he was represented by private counsel. Even assuming that McBride is correct, he failed to demonstrate that the Defendant's alleged actions precluded him from requesting appointment of counsel. McBride argued that he was unable to access the proper forms in order to request that the trial court appoint a public defender. However, as the District Court correctly noted, there is no specific form that McBride was required to use in order to make such a request. Nor was he required to type the request or submit it via computer. Indeed, the docket reflects that McBride has filed a significant number of pro se motions in state court. And, although McBride argued that the Defendant precluded him from obtaining advice from a jail liaison, his allegations suggest that he did, in fact, consult with a liaison, but that he was dissatisfied with her advice. Moreover, McBride has failed to allege an *actual injury* relative to the complained-of actions by the Defendant. As the District Court determined, the trial court has already denied McBride's motion alleging a violation of his speedy trial rights. To the extent that McBride disagrees with that ruling, the District Court correctly explained that he must appeal the matter in state court.[2]

Finding no substantial question to be presented by this appeal, we will grant the Defendants' motion for summary affirmance and summarily affirm the judgment of the District Court. See Third Cir. L.A.R 27.4.; I.O.P. 10.6.

---

[2]In light of the nature of the factual allegations set forth in McBride's complaint, we further find no abuse of discretion on the part of the District Court in determining that allowing him leave to amend his complaint would have been futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).