**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2153
_____

ONYX INSURANCE COMPANY, INC., A Risk Retention Group,
*Appellant*

v.

NEW JERSEY DEPARTMENT OF BANKING AND INSURANCE DIVISION
(DOBI); KENNETH E. KOBYLOWSKI, COMMISSIONER OF DOBI;
NEW JERSEY PROPERTY-LIABILITY INSURANCE GUARANTY ASSOCIATION
(NJPLIGA) (joined for discovery purposes only)
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. No. 3:15-cv-03469)
District Judge: Honorable Michael A. Shipp
_____

Submitted under Third Circuit L.A.R. 34.1(a)
on June 13, 2017

Before: JORDAN and KRAUSE, *Circuit Judges*, and STEARNS, *District Judge.*[*]

(Opinion filed: August 8, 2017)
_____

OPINION[**]
_____

_____

[*] The Honorable Richard G. Stearns, United States District Judge for the District of Massachusetts, sitting by designation.

[**] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

KRAUSE, *Circuit Judge*.

Onyx Insurance Company, Inc. appeals from the District Court's dismissal of Onyx's complaint alleging that it was wrongfully denied participation in a New Jersey fund responsible for making personal injury payments to uninsured pedestrians involved in motor vehicle accidents. For the reasons that follow, we will affirm.

## I.     Background

Under New Jersey law, pedestrians involved in motor vehicle accidents may seek personal injury benefits from their own motor vehicle insurance carriers, or, if they are uninsured, from New Jersey's Unsatisfied Claim and Judgment Fund. *See* N.J. Stat. Ann. §§ 39:6-86.7, 39:6A-4. The Fund is administered by the New Jersey Property-Liability Insurance Guaranty Association, a nonprofit organization created by the New Jersey Legislature and regulated by New Jersey's Commissioner of Banking and Insurance. *See id.* §§ 17:30A-5, 17:30A-6, 17:30A-6.1, 17:30A-9. By statute, the Association is comprised of "member insurers" against whom the Association assesses payments to cover its obligations, such as its duty to make personal injury payments from the Fund to uninsured pedestrians. *See id.* §§ 17:30A-5, 17:30A-8; *see also id.* § 17:30A-2.

Onyx, however, is a "risk retention group" governed by the federal Liability Risk Retention Act of 1986 ("LRRA"), 15 U.S.C. §§ 3901-3906. Onyx provides liability insurance and reinsurance and is organized to "assum[e] and spread[] . . . the liability exposure of its group members," which include taxis registered in New Jersey. *Id.* § 3901(a)(4)(A). Contending that the New Jersey statutory scheme wrongly excluded

Onyx from participating in the Fund and did so in a manner that discriminated against risk retention groups in violation of the LRRA, Onyx brought suit against the Association, New Jersey's Department of Banking and Insurance, and the Department's commissioner. Onyx sought a declaratory judgment directing the defendants to permit Onyx to take part in the Fund, and it also sought reimbursement for "all paid claims" Onyx had incurred for pedestrian personal injury coverage. App. 40. The District Court dismissed the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), and this timely appeal followed.

## II.    Jurisdiction

The District Court had jurisdiction pursuant to 28 U.S.C. § 1331, and we have jurisdiction pursuant to 28 U.S.C. § 1291.[1]

## III.    Standard of Review

In reviewing the District Court's dismissal of Onyx's complaint pursuant to Rule 12(b)(6), our review is plenary. *McMullen v. Maple Shade Twp.*, 643 F.3d 96, 98 (3d Cir. 2011). We accept as true all well-pled factual allegations in the complaint,

---

[1] The Department of Banking and Insurance has urged that this case is moot because the Department issued a June 30, 2015 order that denied Fund payments for all commercial pedestrian personal injury claims (not just those involving risk retention groups), required all commercial motor vehicle insurers to include coverage for pedestrian claims, and thereby diminished the merit of Onyx's assertion of discriminatory treatment toward risk retention groups. We conclude, however, that Onyx retains "a personal stake in the outcome of the lawsuit" based, at the very least, on its claim for reimbursement of pedestrian claims it has previously paid. *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 669 (2016) (quoting *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1528 (2013)). Accordingly, the Department's June 30, 2015 order does not deprive this Court of jurisdiction.

3

viewing them in the light most favorable to the plaintiff, *Santomenno ex rel. John Hancock Tr. v. John Hancock Life Ins. Co. (U.S.A.)*, 677 F.3d 178, 182 (3d Cir. 2012), and we will affirm if the plaintiff failed to plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## IV. Discussion

Onyx advances three arguments on appeal, which we address seriatim. First, Onyx asserts that the LRRA preempts New Jersey state law and that the defendants must therefore allow Onyx to pay into and receive benefits from the Fund. But although Onyx argues that the LRRA mandates that New Jersey allow risk retention groups to participate in state-established mechanisms "for the equitable apportionment among insurers of liability insurance losses and expenses," the LRRA in fact states that "any state *may* require . . . a [risk retention] group to . . . participate" in such a mechanism. 15 U.S.C. § 3902(a)(1)(C) (emphasis added). Far from mandating that states allow risk retention groups to participate in equitable apportionment mechanisms, the LRRA merely gives states the option to do so—an option that New Jersey has declined to exercise.[2]

Second, Onyx contends that its exclusion from the Fund was discriminatory and therefore in violation of the LRRA provision providing that, if a state exercises its option

---

[2] To the extent Onyx asserts that, even if federal and state statutes prevent it from participating in the Association, *see* 15 U.S.C. § 3902(a)(2); N.J. Stat. Ann. § 17:47A-9, Onyx should nonetheless be allowed to participate only in the Fund and not in the Association, such a Fund-only participation status simply does not exist under New Jersey law, *see* N.J. Stat. Ann. § 17:30A-5, and, particularly given our analysis of Onyx's discrimination allegation below, the LRRA does not require New Jersey to create such a status, *see generally* 15 U.S.C. § 3902.

to require risk retention groups to participate in a mechanism for equitable apportionment of insurance losses and expenses, then the state must do so "on a nondiscriminatory basis." 15 U.S.C. § 3902(a)(1)(C). But Onyx's contention is premised on the mistaken notion that the LRRA mandates that New Jersey allow risk retention groups to participate in the Fund. And even assuming the LRRA embodies a congressional intent to prohibit discriminatory treatment of risk retention groups as compared to other kinds of insurers, the statute clearly limits that intent to specific kinds of state regulation. *See id.* § 3902(a)(1)(B), (a)(1)(C), (a)(4), (c). Thus, we agree with the District Court and with the New Jersey Superior Court Appellate Division, both of which rejected the contention that New Jersey's insurance scheme impermissibly discriminates against risk retention groups, *see Am. Int'l Ins. Co. of Del. v. 4M Interprise, Inc.*, 70 A.3d 757, 762-64 (N.J. Super. Ct. App. Div. 2013).

As the Appellate Division explained, New Jersey's dissimilar treatment of risk retention groups and other insurers represents the "trade-off" for risk retention groups: "[I]n exchange for limited State regulation," risk retention groups are not permitted membership in insolvency guaranty associations, such as the Association here. *Id.* at 763-64 (internal quotation marks omitted). Congress expressly intended risk retention groups to be treated differently from other insurers in manifold situations, as exemplified in the LRRA's statutory exemptions for risk retention groups from "State law[s], rule[s], regulation[s], or order[s]." 15 U.S.C. § 3902(a).[3] Because disparate treatment of risk

---

[3] Indeed, federal law prohibits states from allowing risk retention groups such as Onyx "to participate in any insurance insolvency guaranty association to which an insurer

5

retention groups is permissible absent an express LRRA prohibition—and because in many instances disparate treatment is required under the LRRA, *see id.*—the District Court properly rejected Onyx's claim of discrimination based on Onyx's exclusion from the Association and from the Fund.

Finally, pointing to the complaint's mention of the Department of Banking and Insurance's shifting positions regarding risk retention groups' obligations to uninsured pedestrians, Onyx argues that, because the Department's various positions amount to an admission of discriminatory practices and because the complaint therefore satisfies the Rule 12(b)(6) pleading standard, the District Court should have permitted discovery to proceed. However, as discussed above, the District Court correctly dismissed the complaint as a matter of law, so discovery here would merely be "a fishing expedition" for facts to support a "speculative pleading of a case." *Zuk v. E. Pa. Psychiatric Inst. of the Med. Coll.*, 103 F.3d 294, 299 (3d Cir. 1996). We therefore agree with the District Court's decision not to allow this case to proceed to discovery.

## V.    Conclusion

For the foregoing reasons, we will affirm the Order of the District Court dismissing Onyx's complaint.

---

licensed in the State is required to belong" (such as the Association here), 15 U.S.C. § 3902(a)(2), and thus Onyx is not one of the Association's member insurers, *see* N.J. Stat. Ann. § 17:47A-9. This provides an independent reason Onyx's arguments fail, because instead of making payments into the Fund, which would then disburse any necessary personal injury payments to uninsured pedestrians, Onyx is required by statute to cover personal injury payments to uninsured pedestrians in its liability insurance policies. *See id.* §§ 17:28-1.3, 39:6A-4.

6