NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3253
_____

STEPHEN BUKOWSKI;
VIRGINIA BUKOWSKI,
                                        Appellants

v.

WELLS FARGO BANK, N.A.;
doing business as WELLS FARGO HOME
MORTGAGE, A DIVISION OF; and
BANK OF AMERICA, N.A.
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 3-17-cv-00625)
District Judge: Honorable Michael A. Shipp
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 20, 2018
_____

Before:  McKEE, VANASKIE, and RESTREPO, *Circuit Judges*

(Filed: December 13, 2018)
_____

OPINION*

_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

VANASKIE, *Circuit Judge*.

Appellants Stephen and Virginia Bukowski filed suit against Appellees Wells Fargo Bank, N.A. ("Wells Fargo") and Bank of America, N.A. ("Bank of America") alleging that Appellees failed to abide by the terms of a loan modification agreement entered into between the parties. The District Court granted Appellees' motion to dismiss on all grounds, prompting this timely appeal.

We agree with the District Court that the Bukowskis failed to adequately plead damages with regard to their Real Estate Settlement Procedures Act ("RESPA") claim. We therefore will affirm the District Court's dismissal of Count One. However, we agree with the Bukowskis that the District Court erred in dismissing both their New Jersey Consumer Fraud Act ("NJCFA") claim and their breach of contract claim. Accordingly, we will vacate the District Court's judgment on Count Two and Count Four and remand for proceedings consistent with this opinion.[1]

I.

Appellants are residents of Clinton, New Jersey. On April 30, 2004, they entered into a mortgage loan transaction with Wells Fargo in the amount of $446,000. The loan was fully amortizing over thirty years and was secured by a mortgage lien on the Bukowskis' principal residence. Shortly after the loan was originated, Wells Fargo

---

[1] The Bukowskis voluntarily withdrew their claim under the Fair Debt Collections Practices Act (Count Three). (*See* Appellants' Br. 7.)

transferred ownership of the note and mortgage to Bank of America. Wells Fargo, however, continues to service the loan on Bank of America's behalf.

The Bukowskis made timely mortgage payments until late 2014, when a serious car accident and financial hardship caused them to fall behind on their payments. In April 2015, the couple submitted an application to Wells Fargo for a loan modification under the Home Affordable Modification Program ("HAMP"), a federal program that incentivizes lenders to offer more favorable loan modifications to borrowers.

On September 22, 2015, Wells Fargo sent the Bukowskis a three-month, trial period plan ("TPP") stating that the couple would qualify for a permanent HAMP modification so long as they made three timely payments "and returned a certain subordination agreement." (App. 27.) Relevant here, the TPP did not include any language indicating that the Bukowskis would be required to make deferred principal, lump sum, or balloon payments at any point in the future. This was consistent with HAMP guidelines, which prohibit such payments.

The Bukowskis satisfied the conditions contained in the TPP, prompting Wells Fargo to send them permanent HAMP forms in January 2016. The permanent forms, however, included language requiring the Bukowskis to make "an interest bearing lump sum payment" of an estimated $152,819.03, in violation of HAMP. (*Id*. at 29.) The Bukowskis proceeded to notify Wells Fargo of the error, but they were informed by Wells Fargo "that Bank of America had an exception to the HAMP agreement," exempting it from certain portions of the HAMP guidelines. (*Id*. at 30.) On January 25, 2016, the Bukowskis responded with a letter objecting to Wells Fargo's explanation and

3

further requesting that Wells Fargo send them corrected documents that were compliant with HAMP guidelines. Wells Fargo replied by informing the Bukowskis that it would conduct an internal review regarding the Bukowskis' objections. In the interim, the couple continued to make TPP payments.

After months of futile correspondence, the Bukowskis, on September 19, 2016, sent Wells Fargo two documents: a written request for information ("RFI") and notice of error ("NOE"). Wells Fargo did not respond. Instead, on November 7, 2016, it sent the Bukowskis a Notice of Intention to Foreclose, which stated that Wells Fargo would take possession of the Bukowskis' home unless the couple made a delinquency payment of $101,166.37. A week later, the Bukowskis submitted another RFI and NOE. Wells Fargo then responded with a letter dated January 20, 2017, informing the Bukowskis that the bank would not provide information about the relevant HAMP exemption or Wells Fargo's investor guidelines because both "are considered confidential, privileged, and/or proprietary information of Wells Fargo." (App. 128.) In addition, the letter expressed that Wells Fargo would not rescind the provision requiring the Bukowskis to make a lump sum payment of $152,819.03.

After receiving Wells Fargo's letter, the Bukowskis filed a four-count complaint in the United States District Court for the District of New Jersey. Their complaint alleged, *inter alia*, breach of contract under New Jersey law and violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C § 2601, *et seq.*, as well as the New Jersey Consumer Fraud Act ("NJCFA"), N.J.S.A. § 56:8-1, *et seq*. The District Court

4

granted Wells Fargo's motion to dismiss the complaint in its entirety without a hearing, and this timely appeal followed.

## II.

The District Court had jurisdiction under 28 U.S.C. § 1331 and 12 U.S.C. § 2614. We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of a district court's dismissal of a complaint pursuant to Rule 12(b)(6) is plenary. *McMullen v. Maple Shade Twp.*, 643 F.3d 96, 98 (3d Cir. 2011). "The District Court's judgment is proper only if, accepting all factual allegations as true and construing the complaint in the light most favorable to the plaintiff, we determine that the plaintiff is not entitled to relief under any reasonable reading of the complaint." *Id.* (quoting *McGovern v. City of Phila.*, 554 F.3d 114, 115 (3d Cir. 2009)).

## III.

The Bukowskis argue that the District Court erred in dismissing each of its three claims. We will address each argument in turn.

## A.

The Bukowskis first contend that the District Court erred in dismissing their RESPA claim. Congress enacted RESPA in 1975 to provide consumers "with greater and more timely information on the nature and costs of the settlement process. . . ." 12 U.S.C. § 2601(a). If a borrower submits a written RFI pursuant to RESPA's Regulation X, then the loan servicer must provide "a written response acknowledging receipt" of that request within five days of receiving the request. 12 C.F.R. § 1024.36(c). Similarly, if a

5

borrower submits a NOE letter, the loan servicer must issue a written response acknowledging receipt within five days of receiving the letter. *Id*. § 1024.35(d).

If a loan servicer fails to abide by its borrower inquiry obligations, RESPA allows a plaintiff to recover two types of damages. First, the borrower may recover actual damages if he or she proves that (1) the loan servicer violated a particular RESPA requirement and (2) actual damages were sustained "as a result of the failure." 12 U.S.C. § 2605(f)(1)(A). *See also Renfroe v. Nationstar Mortg., LLC*, 822 F.3d 1241, 1246 (11th Cir. 2016) (citing *Turner v. Beneficial Corp.*, 242 F.3d 1023, 1028 (11th Cir.2001) (en banc) (noting that "there must be a 'causal link' between the alleged [RESPA] violation and the damages"). Second, a borrower may seek statutory damages up to $2,000 if the damages are based on "a pattern or practice of noncompliance. . . ." 12 U.S.C. § 2605(f)(1)(B).

Here, the Bukowskis alleged a RESPA violation against Wells Fargo for failing to timely or properly respond to their RFIs and NOEs. The District Court, however, dismissed the claim on the ground that they "fail[ed] to allege specific damages as a result of the alleged RESPA violations and [did] not identify a causal link between the alleged violations and alleged damages." (App. 9 (citing *Oliver v. Bank of Am. N.A.*, No. 13-4888, 2014 WL 562943, at *3 (D.N.J. Nov. 15, 2012).). We agree. Even assuming, *arguendo*, that Wells Fargo violated RESPA by failing to respond to the Bukowskis' written submissions, the Bukowskis' complaint fails to plead facts sufficient to recover either actual or statutory damages. Specifically, after itemizing Wells Fargo's alleged RESPA violations, the Bukowskis' complaint summarily requests damages as follows:

6

> WHEREFORE, the plaintiffs demand judgment against Wells
> Fargo as follows:
> a. Awarding specific performance in the form of a permanent
> loan modification;
> b. Awarding actual damages;
> c. Awarding statutory damages. . . .

(App. 38.)

Such conclusory language is insufficient to survive dismissal. With regard to actual damages, the Bukowskis do not articulate any facts linking Wells Fargo's alleged RESPA violations to damages suffered "as a result" of those failures. 12 U.S.C. § 2605(f)(1)(A). Similarly, the Bukowskis do not proffer a basis for concluding that Wells Fargo engaged in "a pattern or practice of noncompliance" so as to recover statutory damages. *Id.* § 2605(f)(1)(B). Absent allegations linking Wells Fargo's conduct to economic harm—whether in the form of actual or statutory damages—the Bukowskis' RESPA claim cannot stand. We therefore will affirm the District Court's dismissal of their RESPA claim.

### B.

We turn now to the Bukowskis' NJCFA claim. The District Court dismissed the Bukowskis' NJCFA claim on the ground that it was "improperly intertwined with allegations of violations of HAMP rules." (App. 10 (citing *Slimm v. Bank of Am. Corp.*, No. 12-5846, 2013 WL 1867035, at *10 (D.N.J. May 2, 2013).).

As the District Court correctly recognized, HAMP does not provide a private right of action. *See Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 559 n.4 (7th Cir. 2012) ("HAMP does not create a private federal right of action for borrowers against

7

servicers."). That HAMP does not provide a private cause of action, however, does not mean that it precludes state law claims altogether. As the Seventh Circuit explained in *Wigod*, "[t]he absence of a private right of action from a federal statute provides no reason to dismiss a claim under a state law just because it refers to or incorporates some element of the federal law." 673 F.3d at 581. New Jersey courts, in turn, have "adopt[ed] the Seventh Circuit's *Wigod* position that HAMP does not preclude state-law based claims." *Smith v. Citimortgage, Inc.*, No. CV 15-7629 (JLL), 2015 WL 12734793, at *4 (D.N.J. Dec. 22, 2015) (citing, *inter alia*, *Aiello v. OceanFirst Bank*, No. C-82-13, 2015 WL 7261740, at *3-4 (N.J. Super. Ct. App. Div. Nov. 18, 2015)). Indeed, the District Court recognized this very principle in a prior decision, where it permitted the plaintiffs to proceed with their HAMP-oriented NJCFA claim because HAMP in no way "precludes state law causes of action." *Giordano v. Saxon Mortg. Servs., Inc.*, No. CIV.A. 12-7937 (MAS), 2014 WL 4897190, at *4 (D.N.J. Sept. 30, 2014) (quoting *Lia v. Wells Fargo Bank*, No. 14–0752(WJM), 2014 WL 2739348, at *2 (D.N.J. June 17, 2014)).

Here, the Bukowskis' complaint does not allege a stand-alone HAMP violation; instead, it alleges that Wells Fargo violated the NJCFA by making material misrepresentations, which in turn led the couple to believe that their permanent modification would be HAMP-compliant. (*See* App. 42.) The Bukowskis' allegations in this regard are similar to those asserted in *Wigod*. There, the Seventh Circuit explained that the plaintiff's state-law fraud claims "[did] not allege that Wells Fargo engaged in unfair or deceptive business practices by violating HAMP guidelines." *Wigod*, 673 F.3d

8

at 585. Rather, the plaintiff contended that "Wells Fargo's misrepresentation and omission of material facts misled [the plaintiff] to believe she would receive a permanent modification under HAMP and that it implemented its HAMP compliance procedures in a way designed to thwart borrowers' legitimate expectations." *Id*. Such allegations, the court held, were actionable under an Illinois' consumer fraud statute. *Id*. at 585–86.

The same conclusion is warranted here. The Bukowskis do not allege that Wells Fargo engaged in deceptive business practices by violating HAMP guidelines; rather, they maintain that they were misled by Wells Fargo's representations concerning their eligibility for a permanent HAMP modification, and that those representations violated the NJCFA. Because such a claim is permissible under the NJCFA, the District Court erred in dismissing the Bukowskis' NJCFA claim.

## C.

The Bukowskis' final claim was for breach of contract. To state a claim for breach of contract under New Jersey law, a plaintiff must "allege (1) a contract between the parties; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party stating the claim performed its own contractual obligations." *Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007) (citing *Video Pipeline, Inc. v. Buena Vista Home Entertainment, Inc*., 210 F.Supp.2d 552, 561 (D.N.J. 2002)). In dismissing the Bukowskis' breach of contract claim, the District Court characterized the permanent HAMP modification, rather than the TPP, as the governing contract. This was error.

In their complaint, the Bukowskis allege that Wells Fargo offered them a permanent HAMP modification "in accordance with the terms of the trial modification

9

and the HAMP guidelines." (App. 44.) It is well established in our Circuit and elsewhere that TPPs operate as valid contracts. *See Giordano*, No. CIV.A. 12-7937 (MAS), 2014 WL 4897190, at *6 ("Courts analyzing similar TPPs and allegations have held the TPP is an enforceable contract.") (collecting cases); *see also George v. Urban Settlement Servs.*, 833 F.3d 1242, 1260 (10th Cir. 2016) ("[W]e conclude that the language in [the defendant's] TPP documents clearly and unambiguously promises to provide permanent HAMP loan modifications to borrowers who comply with the terms of their TPPs.").

Here, the Bukowskis allege that Wells Fargo issued them a TPP that promised to offer a permanent HAMP modification that complied with HAMP's guidelines. After receiving the Bukowskis' timely payments, Wells Fargo issued them a HAMP modification that allegedly contravened HAMP's guidelines. These allegations are sufficient to state a plausible breach of contract claim.

IV.

For the reasons set forth above, we will affirm the District Court's dismissal of Appellants' RESPA claim, but will vacate the District Court's order dismissing Appellants' NJCFA and breach of contract claims and remand this matter for further proceedings consistent with this opinion.