PS4-081                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1984
_____

ARTHUR BELLOCCHIO;
CARMELITA BELLOCCHIO,
                                        Appellants

v.

NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION;
NEW JERSEY TURNPIKE; PHILADELPHIA AIRPORT;
FEDERAL AVIATION ADMINISTRATION; TOWNSHIP OF MOUNT LAUREL;
MOUNT LAUREL MUNICIPAL UTILITY AUTHORITY;
DELAWARE VALLEY REGIONAL PLANNING COMMISSION;
JOHN DOE; JOHN DOE; JOHN DOE
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-13-cv-06244)
District Judge:  Honorable Jerome B. Simandle
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 24, 2015
Before:  FISHER, KRAUSE and VAN ANTWERPEN, Circuit Judges

(Opinion filed: March 26, 2015)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Carmelita Bellocchio and Arthur Bellocchio, wife and husband, appeal pro se from an order of the United States District Court for the District of New Jersey, which dismissed their complaint on motions of the various defendants. We will affirm the District Court's judgment.

The Bellocchios originally filed a complaint in state court against seven defendants, alleging that their home and property were disturbed by noise and air pollution from the nearby turnpike and from overhead flights from the Philadelphia airport. They alleged that the disturbances had increased due to changes in flight paths, deforestation, and the construction of a solar farm. The complaint was removed to federal court and all seven defendants filed motions to dismiss. The District Court granted all of the motions, some with prejudice, and some without prejudice. The Bellocchios appealed.

We first consider whether we have appellate jurisdiction, and if so, what the scope of that jurisdiction is. Pursuant to 28 U.S.C. § 1291, we have jurisdiction to review final orders of district courts. "Generally, an order which dismisses a complaint without prejudice is neither final nor appealable because the deficiency may be corrected by the plaintiff without affecting the cause of action." Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976). The Bellocchios appealed rather than seeking leave to amend their complaint in the District Court, and have informed this Court that they are "seeking a reversal of the decision made on [our] complaint and a decision to send this back to the

2

court to discuss a resolution or continue to trial with jury to resolve disputed facts as requested in [our] initial complaint." We thus conclude that the order is final and appealable, as the Bellocchios have indicated an intent to stand on their complaint. See Borelli, 532 F.2d at 951-52; see also Frederico v. Home Depot, 507 F.3d 188, 192-93 (3d Cir. 2007) (finding finality when plaintiff did not seek to amend complaint to address any pleading deficiencies noted by defendant, and repeatedly asserted that allegations contained in complaint were legally sufficient).

As for the scope of the appeal, although only Carmelita Bellocchio signed the notice of appeal, we consider it "filed on behalf of the signer and the signer's spouse" as it does not "clearly indicate[] otherwise." See Fed. R. App. P. 3(c)(2). However, Carmelita Bellocchio may not represent her husband in federal court. See Osei-Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 882 (3d Cir. 1991); Iannaccone v. Law, 142 F.3d 553, 558 (2d Cir. 1998). And because Arthur Bellocchio did not sign the opening brief, we review the District Court's order only to the extent it adjudicated claims brought by Carmelita Bellocchio in her own right.[1]

We review de novo the District Court's order granting Defendants' motions to dismiss. See McMullen v. Maple Shade Twp., 643 F.3d 96, 98 (3d Cir. 2011). In order to survive motions to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

---

[1] All further references to "Bellocchio" in this opinion refer to Carmelita Bellocchio, unless otherwise specified.

3

face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In deciding whether the District Court's dismissal was proper, we "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996).

We have carefully reviewed the record and the parties' arguments on appeal, and we discern no error in the District Court's comprehensive analysis. As an initial matter, Bellocchio's claims for injunctive relief against all Defendants are moot, as the Bellocchios moved from their home. We will briefly note why the District Court was correct to dismiss the complaint as to the remaining claims.

As to the claims against the Federal Aviation Administration ("FAA"), we agree with the District Court that to the extent Bellocchio was challenging the FAA's approval of projects at the Philadelphia Airport, the District Court lacked jurisdiction because review of those decisions is "subject to 49 U.S.C. § 46110(a)'s grant of exclusive jurisdiction to the courts of appeals." Dist. Ct. Op. at 16-17; see also Blitz v. Napolitano, 700 F.3d 733, 740-43 (4th Cir. 2012).[2] The Court also properly determined that to the extent Bellocchio was asserting that the excess noise from aircraft reduced the value of their home to the extent that it was a "taking," such a claim against the FAA needed to be brought in the Court of Federal Claims, pursuant to 28 U.S.C. § 1491(a)(1). See E.

---

[2] We also agree that a challenge to those decisions would be time-barred. See 49 U.S.C. § 46110(a) (petition to review final order of FAA must be filed within 60 days of the order's issuance).

4

Enters. v. Apfel, 524 U.S. 498, 520 (1998) (claim for compensation under Takings Clause must be brought to Court of Federal Claims in first instance unless statute provides otherwise). And to the extent Bellocchio intended to bring a tort claim against the FAA, the Court lacked jurisdiction because she failed to first file a claim with the agency, as required by the Federal Tort Claims Act. See 28 U.S.C. § 2675(a); see also McNeil v. United States, 508 U.S. 106, 113 (1993).

The District Court properly determined that Bellochio's claims against the Philadelphia Airport should be construed as claims against the City of Philadelphia, as the airport is not a separate entity under Philadelphia's Home Rule Charter. See 5 Phila. Code § 4-500; 53 Pa. Stat. Ann. § 16257. As the Court noted, Bellochio's claim that the City violated the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321-4370h, was misplaced, as the City is not a federal agency subject to NEPA's regulation, see id., § 4332.[3] The Court ably explained that the FAA had approved the City's airport projects, and that any claim that those projects violated NEPA should have been addressed to the FAA through the process mentioned above. As for her constitutional claims against the City, Bellocchio did not satisfy the requirements of Monell v. Department of Social Services, 436 U.S. 658 (1978), which requires a plaintiff to plead that a policy, custom, or practice led to the alleged constitutional violations, as there is no supervisory liability

---

[3] The same is true for the other Defendants, aside from the FAA.

5

in civil rights actions brought pursuant to 42 U.S.C. § 1983.[4]  And to the extent

Bellocchio sought to bring a tort claim against the City, the City is statutorily immune

from tort claims, with exceptions not relevant here.  See 42 Pa. Cons. Stat. Ann. § 8541.

As for the Delaware Valley Regional Planning Commission, we agree with the

District Court that Bellocchio failed to assert any distinct claims against the Commission,

and that the Commission is, in any event, immune from suit pursuant to N.J. Stat. Ann.

§§ 59:2-1, 59:2-3.a.  We also agree that the New Jersey Department of Environmental

Protection ("NJDEP") is immune from suit in federal court pursuant to the Eleventh

Amendment.  See MCI Telecomm. Corp. v. Bell Atl. Pa., 271 F.3d 491, 503 (3d Cir.

2001) (state's Eleventh Amendment immunity extends to state agencies).  Further, as for

her tort claims against NJDEP and the remaining Defendants from New Jersey, there is

no evidence that Bellocchio satisfied the provisions of the New Jersey Tort Claims Act

for making claims against public entities.  See N.J. Stat. Ann. § 59:8-3.

Finally, to the extent Bellocchio sought to bring claims under New Jersey statutory

law, the New Jersey No Net Loss Compensatory Reforestation Act, N.J. Stat. Ann.

§ 13:1L-14.1 to -14.4, does not provide a private cause of action for a loss caused by

removal of trees on State property.  And regulations interpreting the New Jersey Noise

Control Act, N.J. Stat. Ann. § 13:1G-1 to 13:1G-23, explicitly exempt claims based on

noise from public roadways.  N.J. Admin. Code § 7:29-1.5(a)(9).

---

[4] The Bellocchios did not name any individuals as defendants, aside from John Doe defendants that were later dismissed.

For the foregoing reasons and those set forth by the District Court, we will affirm the District Court's judgment.