**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3004
_____

CALVIN BUTLER,
                                    Appellant

v.

PENNSYLVANIA BOARD OF PROBATION AND PAROLE; SUPERVISOR
KELVIN HEALEY; KIMBERLY BARKLEY, Board Secretary; BRENDA GOODALL;
JASON A. LAMBRINO, Assistant Counsel; P.O. LONNIE HAILE; PAROLE OFFICER
PRENAPT
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 13-cv-00014)
District Judge:  Honorable Thomas N. O'Neill, Jr.
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 1, 2015
Before: CHAGARES, JORDAN and COWEN, Circuit Judges

(Opinion filed: June 1, 2015)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Appellant Calvin Butler appeals pro se from the District Court's order dismissing his civil rights complaint brought pursuant to 42 U.S.C. § 1983, and from the District Court's orders denying his motion for default judgment and motion to reconsider the dismissal.[1] For the reasons set forth below, we will affirm the judgment of the District Court.

Butler filed this action against the Pennsylvania Board of Probation and Parole; the Office of Chief Counsel for the Board; Kelvin Healey, Board Supervisor; Kimberly Barkley, Board Secretary; Jason Lambrino, Assistant Counsel to the Board; Brenda Goodall; and Parole Officers Haile and Prenapt. All individual defendants were sued in their official and individual capacities. On initial screening of the complaint under 28 U.S.C. § 1915, the District Court dismissed all claims against the Board itself and the Board's Office of Chief Counsel, as barred by the Eleventh Amendment. Butler does not challenge the dismissal of these entities.

In June 2011, while on parole, Butler was arrested and charged in Philadelphia County Municipal Court with three counts of driving under the influence and one count

---

[1] The District Court dismissed Butler's amended complaint without prejudice and set a deadline for the filing of a second amended complaint. However, instead of filing a new complaint, Butler filed a document titled "Response to This Court Granting Defendants['] Motion to Dismiss." The District Court construed this document as a timely motion for reconsideration, which it denied. Butler's Notice of Appeal does not specify whether he appeals from the order dismissing his complaint, or from the order denying his motion for reconsideration, but the appeal is timely as to both, and his arguments are clearly directed at the underlying dismissal. See LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 225 n.6 (3d Cir. 2007). In his brief, Butler also appears to seek review of the

of criminal mischief.  He was incarcerated at SCI Graterford, where he was held on a parole detainer.  Shortly thereafter, Butler received an initial parole hearing, at which it was determined he would be held until the disposition of the pending criminal charges.  Butler was found guilty of all four new criminal charges on September 28, 2011, and was sentenced on November 28, 2011.  On January 16 or 17, 2012, while he was incarcerated at SCI Mercer, he was given a Notice of Charges and Hearing form stating that, in light of his conviction on new criminal charges, he would receive a parole revocation hearing.  The date of the hearing was not specified.  Butler alleges that on February 8, 2012, after returning to SCI Graterford, he was given a second notice which scheduled his hearing for that very day, and that he was handed this notice only five minutes before the hearing itself.[2]  On February 10, Butler's parole was revoked and he was recommitted as a convicted parole violator, to serve twelve months of backtime.  His maximum sentence date was recomputed and extended from March 4, 2012, to July 13, 2016.  Butler unsuccessfully appealed the Board's decision administratively.  He then appealed the administrative decision to the Commonwealth Court, but his appeal was dismissed as untimely.  Butler served his backtime and was re-paroled.

---

District Court's earlier order denying his motion for entry of default judgment.

[2] Butler refused to sign either notice, because he believed that the revocation hearing was untimely, and because he believed the second notice was not fully signed by the appropriate officers.  In his response to the District Court's dismissal, Butler noted that he had been represented by counsel at the parole revocation hearing, and that he had brought his objections to the attention of his counsel before the hearing, but counsel apparently did not raise them.

Butler claims that he was denied his constitutional right to due process because his parole revocation hearing was held more than 120 days after the date of his conviction on new criminal charges, and because he was not given notice of the charges sufficiently in advance of the hearing, in violation of Pennsylvania's procedures for recommitting a parolee as a convicted violator. See 37 Pa. Code § 71.4.[3] He asserts that his action is "not a habeas corpus case based solely on incarceration," because he "bring[s] suit because of due process rights being violated, thus subjecting [him] to cruel an[d] unusual punishment." He contends that the Board's actions violated his constitutional rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments. Butler seeks to have the

---

[3] With some exceptions, 37 Pa. Code. § 71.4(1) requires that a revocation hearing seeking to recommit a parolee as a convicted violator must be held within 120 days from the date the Board receives official verification of the plea or guilty verdict on the new criminal charges. With regard to "notice," 37 Pa. Code § 71.4(2)(i) states that "[p]rior to the revocation hearing," the parolee will be notified of "[t]he right to a revocation hearing, the right to notice of the exact date and the right at the revocation hearing to be heard by a panel."

Butler also appeared to allege other procedural deficiencies in his response to the defendants' motion to dismiss. The District Court declined to consider these additional allegations and claims, because they had not been asserted in Butler's amended complaint. The District Court granted Butler the opportunity to file a second amended complaint, in which he could have brought those claims, but he did not do so. Although Butler has reiterated some of these claims in his appeal brief, we decline to consider them. See, e.g., Ross v. Hotel Emps. & Rest. Emps. Int'l Union, 266 F.3d 236, 242 (3d Cir. 2001) ("Generally, 'absent compelling circumstances an appellate court will not consider issues that are raised for the first time on appeal.'") (citation omitted).

4

Board's decision overturned, and his original March 4, 2012 "max date" restored. He also seeks money damages for his period of incarceration.

The District Court had jurisdiction pursuant to 28 U.S.C. § 1331, and we have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal of the amended complaint. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). We review for abuse of discretion the District Court's order denying Butler's motion for reconsideration. See Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). We also review for abuse of discretion the denial of a motion for default judgment. See Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000). We may affirm the District Court's judgment on any grounds supported by the record. Hughes v. Long, 242 F.3d 121, 122 n.1 (3d Cir. 2001).

At the outset, we will affirm the District Court's denial of Butler's motion for default judgment. "Three factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." Chamberlain, 210 F.3d at 164 (citing United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir.1984)). We do not favor entry of default or default judgments, preferring that cases be decided on their merits. See $55,518.05 in U.S. Currency, 728 F.2d at 194–95. Butler filed his amended complaint in the District Court on or about April 2, 2013. On May 1, having reviewed the complaint under 28 U.S.C. § 1915, the

5

District Court dismissed all claims against the Board itself and its Office of Chief Counsel, but permitted the complaint to be filed against the remaining defendants, and directed the United States Marshals Service to serve them. The docket does not reflect when, if ever, the defendants were properly served. In any event, the defendants filed a motion to dismiss the complaint on August 15, 2013. The following day, Butler filed a motion for default judgment, which the District Court promptly denied as moot. We see no abuse of discretion in this decision.

In considering the motion to dismiss, the District Court first correctly concluded that, to the extent that Butler sought an injunction invalidating or altering the sentence imposed by the Board, he could not do so via a § 1983 civil suit. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). The District Court did not explicitly address whether Butler's claims for money damages were barred by the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court held that, "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . ." Heck, 512 U.S. at 486–87. "Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must

6

consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. at 487.

Refining its decision in Heck, the Supreme Court has explained that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81–82 (2005) (emphasis in original). Applying Heck and Wilkinson, we have held that § 1983 actions that, if successful, would necessarily demonstrate the invalidity of a parole board's decision regarding the length or revocation of parole, are also not cognizable under Heck unless and until the board's decision has been invalidated. See Williams v. Consovoy, 453 F.3d 173, 177 (3d Cir. 2006).

To the extent that Butler has challenged the timeliness of the revocation hearing, his claims are certainly Heck-barred. If, as Butler has argued, the Board lost all legal authority to revoke his parole after the 120-day deadline imposed by 37 Pa. Code § 71.4(1), the custody imposed by the Board must be invalid. Because Butler sought both

7

administrative and state court review without success, and the Board's decision remains valid, he cannot proceed under § 1983.  See Williams, 453 F.3d at 177.[4]

Liberally construed, Butler's claim that he received insufficient notice of the hearing presents a closer call, as success on that claim might not necessarily invalidate the sentence ultimately imposed.  See Wilkinson, 544 U.S. at 82.[5]  Be that as it may, we agree with the District Court that Butler failed to state any constitutional violation based on insufficient notice.

Butler argues that his constitutional due process rights were violated because his hearing did not meet the procedural requirements set forth in 37 Pa. Code § 71.4.  Standing alone, however, violations of state law do not necessarily state constitutional claims under § 1983.  See McMullen v. Maple Shade Twp., 643 F.3d 96, 99 (3d Cir. 2011).  In the context of parole revocation, the Supreme Court set forth the minimum requirements of constitutional due process in Morrissey v. Brewer, 408 U.S. 471, 489

---

[4] The fact that habeas relief may no longer be available to a plaintiff does not resuscitate a § 1983 claim that is otherwise barred by Heck.  See Williams, 453 F.3d at 177–78; Gilles v. Davis, 427 F.3d 197, 210 (3d Cir. 2005).

[5] The plaintiffs in Wilkinson sought declarations that certain state procedures used to determine parole eligibility or suitability were invalid, and sought injunctions ordering new hearings, but did not seek either damages or injunctions expressly seeking immediate or speedier release from prison.  The Supreme Court explained that these claims were not Heck-barred because "success" for the plaintiffs would not necessarily demonstrate the invalidity of their confinements; at most, success meant new eligibility review or a new parole hearing, at which authorities might decline to grant parole or shorten a prison term.  544 U.S. at 82.  Wilkinson may suggest that a claim like Butler's might not be barred under Heck or Preiser.

(1972).  These include: (a) written notice of the claimed violations of parole; (b)

disclosure to the parolee of evidence against him; (c) opportunity to be heard in person

and to present witnesses and documentary evidence; (d) the right to confront and cross-

examine adverse witnesses; (e) a neutral and detached hearing body; and (f) a written

statement by the factfinders as to the evidence relied on and reasons for revoking parole.

See id.  The revocation hearing must also "be tendered within a reasonable time after the

parolee is taken into custody."  Id.  The District Court held, and we agree, that the

hearing did not violate the minimum requirements for due process set forth in Morrissey.

Furthermore, a showing of prejudice is essential for a federal constitutional claim

asserting denial of due process.  See, e.g., Burkett v. Cunningham, 826 F.2d 1208, 1221

(3d Cir. 1987) ("[P]roof of prejudice is generally a necessary but not sufficient element of

a due process claim.") (quoting United States v. Lovasco, 431 U.S. 783, 790 (1977).

Butler has not alleged any way in which the result of the hearing was or plausibly could

have been affected by the short notice he received of its date.  He concedes that he first

received notice of the charges (if not the date) at least three weeks before the hearing.  He

has stated that he was represented by counsel at the hearing itself, and that his counsel did

not object to either timeliness or notice.  The Board's parole revocation decision was

based only on Butler's September 2011 criminal convictions, which are a matter of

record, and have not been invalidated.  As the Supreme Court noted in Morrissey, a

criminal conviction conclusively establishes a parole violation, and a parolee cannot "relitigate" these matters at his revocation hearing. 408 U.S. at 490.[6]

Finally, we discern no abuse of discretion in the District Court's denial of Butler's request for reconsideration. In order to prevail on a motion for reconsideration, a plaintiff must show: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (internal quotation marks omitted). None of these circumstances applies here.

For the foregoing reasons, the District Court's orders will be affirmed.[7]

---

[6] We also agree with the District Court that, to the extent that Butler asserted constitutional claims under the Fourth, Fifth, and Eighth Amendments, he has not alleged any action or injury to which the protections afforded by these amendments are applicable.

[7] Appellees' pending motion to strike certain portions of Appellant's appendix is dismissed as withdrawn. See Appellees' Br. at 6 n.4.