**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 25-1282

_____

TERRELL TAYLOR,
Appellant

v.

JOSHUA PIPIK, Parole Agent; DAVID FINERTY, McKees Rocks Police Officer;
EBONY MARCELLE-RUDOLPH, Supervisor of North-Shore Parole Office;
MICHELLE CONTIS, Liaison for Parole State Supervised Probation

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:24-cv-00146)
District Judge:  Honorable Cathy Bissoon

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 13, 2026

Before: BIBAS, CHUNG, and BOVE, *Circuit Judges*

(Opinion filed: April 21, 2026)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Terrell Taylor appeals *pro se* from the District Court's order dismissing his civil suit as barred by the favorable termination rule of *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). We will affirm in part, reverse in part, and remand for further proceedings.

## I.

Taylor was convicted of state drug offenses in 2018 and sentenced by the Court of Common Pleas of Allegheny County to two-to-four years' imprisonment and five years' probation. He was released on state supervision in 2020.[1] On November 10, 2022, probation officers arrested him and searched his home based upon a tip from McKees Rocks Police Officer David Finnerty that he was involved in criminal activity. Although the search did not reveal any contraband, Taylor was confined at the Allegheny County Jail. The Commonwealth did not formally charge him with any new offenses following his arrest. Taylor had a *Gagnon I* preliminary hearing on December 8, 2022, after which he claims that the hearing officer recommended that he be released to a work release program pending a *Gagnon II* revocation hearing.[2] He was not released. The Common

---

[1] It is unclear from the record whether Taylor was paroled or released on probation, or which form of supervision he was under during the events giving rise to his lawsuit. The two are "indistinguishable for constitutional purposes," *United States v. Quailes*, 126 F.4th 215, 222 n.9 (3d Cir. 2025), and Taylor avers that he was arrested for violating his probation, so we will use that designation for ease of discussion.

[2] Probationers facing revocation are entitled to preliminary and final revocation hearings. *See Gagnon v. Scarpelli*, 411 U.S. 778, 786 (1973) (citing *Morrissey v. Brewer*, 408 U.S. 471, 487-88 (1972)). If a probationer is taken into custody, hearings "must be tendered within a reasonable time" thereafter. *Morrissey*, 408 U.S. at 488.

Pleas docket reflects that a second hearing was scheduled for March 16, 2023, but it does not appear that one was held or that Taylor's probation ever was revoked.

On December 19, 2023, a grand jury in the Western District of Pennsylvania indicted Taylor on federal gun and drug charges. *See United States v. Taylor*, No. 2:23-cr-00277, Doc. 1 at 1-4 (W.D. Pa.) (charging, *inter alia*, possession of a firearm by a felon on or about November 9-10, 2022). A United States Magistrate Judge issued a detainer in January 2024 authorizing Taylor's continued detention at the Allegheny County Jail, where he has remained since his arrest more than three years ago. Taylor has not yet gone to trial on his federal charges.

In January 2024, Taylor filed suit in the Western District of Pennsylvania under 42 U.S.C. § 1983 against the probation officers who searched his home, their supervisors, and Officer Finnerty ("the Defendants" or "Appellees"). In an amended complaint, he alleged that the Defendants arrested him without probable cause and unlawfully detained him for over a year without due process in violation of the Fourth and Fourteenth Amendments. The Defendants moved to dismiss the complaint under *Heck*, among other grounds. A Magistrate Judge issued a report recommending that Taylor's due process claim be dismissed with prejudice because a *Gagnon II* hearing was in fact held, and that the case be administratively stayed as to the remaining claims pending resolution of his federal criminal case, per *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) (citing, *inter alia*, *Heck*).

The District Court acknowledged that the record did not "definitively establish" whether Taylor was afforded a *Gagnon II* hearing, but concluded that his lawsuit was

3

barred by *Heck* regardless because "[s]uccess on his claims necessarily would imply the invalidity of the state proceedings." ECF Doc. 44 at 2 (citing *Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006); *Butler v. Pa. Bd. of Prob. and Parole*, 613 F. App'x 119, 123 (3d Cir. 2015) (nonprecedential)). The court declined to stay the case, however, reasoning that recovery would remain unavailable even if Taylor was successful in his federal case because "[t]he federal charges do not speak to the validity or invalidity of his state arrest and detention." *Id.* Insofar as Taylor "cannot establish that the state proceedings terminated in his favor," the court dismissed his amended complaint with prejudice. *Id.* Taylor appeals.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review the dismissal of a complaint under Rule 12(b)(6) *de novo*. *Schmidt v. Skolas*, 770 F.3d 241, 248 (3d Cir. 2014).

## III.[3]

The government may deprive a probationer of his liberty for violating the terms of his supervision "only after following certain processes." *Horton v. Rangos*, 136 F.4th 470, 475 (3d Cir. 2025). "Due process guarantees a probationer two hearings"—a

---

[3] Taylor challenges the District Court's dismissal of his "claims" as *Heck*-barred, C.A. Doc. 14 at 3, but he has not developed any argument with respect to his unlawful arrest claim, thereby forfeiting it. *See United States v. Dowdell*, 70 F.4th 134, 140 (3d Cir. 2023). Although we affirm the dismissal of his Fourth Amendment challenge, we will modify that portion of the District Court's judgment because dismissals on *Heck* grounds should be without prejudice. *See Curry v. Yachera*, 835 F.3d 373, 379 (3d Cir. 2016) (collecting cases).

preliminary hearing "to gauge 'whether there is probable cause or reasonable ground to believe that' he has violated" the conditions of his release, *id.* (quoting *Morrissey*, 408 U.S. at 485), and a "more formal" hearing "to decide whether to revoke [his] probation," *id.* (citing *Morrissey*, 408 U.S. at 487-88). A finding of probable cause is "'*sufficient* to warrant the [probationer's] continued detention . . . pending the final decision,'" but the "detention may last only for a 'reasonable time.'" *Id.* (quoting *Morrissey*, 408 U.S. at 488) (*Horton*'s emphasis).

Taylor alleges that he was detained at the Allegheny County Jail without being afforded a *Gagnon II* hearing for more than 13 months, until his indictment by a federal grand jury prompted issuance of the extant detainer. He challenges that deprivation as unreasonable and seeks monetary damages for the violation of his procedural due process rights. His ability to proceed on that claim turns upon whether "success in that action would necessarily demonstrate the invalidity of [his] confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005). Appellees say that it would because his detention has not been called into question by a state tribunal, so he cannot show favorable termination. Taylor rejoins that such a showing is impossible because his probation was never revoked. Taylor has the better argument, but for different reasons.

*Horton* is instructive. There, we partially reversed the District Court's summary judgment decision in favor of Allegheny County officials after identifying "material factual disputes over whether the county followed due process" with respect to a group of probationers who, like Taylor, alleged that they were being held at the county jail for lengthy stints without being afforded *Gagnon II* hearings. *Horton*, 136 F.4th at 477-78.

5

We regarded their claim—that "the long detentions, averaging 230 days, could be unreasonable" in contravention of the Due Process Clause—as "potentially meritorious," and we remanded the case to the District Court for further proceedings. *Id.* at 478. The same is true here. The success of Taylor's due process claim does not necessarily "imply the invalidity" of the substantive decision rendered at his *Gagnon I* hearing. *Williams*, 453 F.3d at 177; Wright v. Cuyler, 624 F.2d 455, 458 n.5 (3d Cir. 1980).[4] *Heck* is therefore no impediment under the circumstances.

Accordingly, we will affirm the District Court's judgment to the extent it dismissed Taylor's Fourth Amendment claim, though we will modify it to be without prejudice, and we will reverse the District Court's dismissal of his Fourteenth Amendment claim and remand for further proceedings.

---

[4] The District Court relied upon our nonprecedential decision in *Butler* in concluding that Taylor's claim would undermine the validity of the state proceedings. But *Butler* is inapposite because the plaintiff challenged the timeliness of his *Gagnon II* hearing *after* the Parole Board already had revoked his parole, so a judgment in his favor necessarily would have required the invalidation of his revocation sentence. *See Butler*, 613 F. App'x at 123.