DLD-061                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1593
_____

ERIC X. RAMBERT,
Appellant

v.

DISTRICT ATTORNEY PHILADELPHIA; GEORGE MURPHY, ASSISTANT D.A.;
DOUGLAS WECK, ASSISTANT D.A.; SIMRAN DHILLON, ASSISTANT D.A.;
ATTORNEY GENERAL PENNSYLVANIA; ROBERT REID, EXECUTIVE DEPUTY
A.G.; STEPHEN ST. VINCENT, DIRECTOR OF POLICY PLANNING; B. T.,
CORPORAL, STATE POLICE; JUDGE JAMES MCCRUDDEN, ESTATE OF; JULES
EPSTEIN, ATTORNEY AT LAW
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-19-cv-05249)
District Judge:  Honorable Jeffrey L. Schmehl
_____

Submitted on a Motion to Proceed In Forma Pauperis, for
Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B), or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 13, 2022

Before: KRAUSE, MATEY and PHIPPS, Circuit Judges

(Opinion filed: January 24, 2022)

_____

OPINION[*]

_____

PER CURIAM

Pro se appellant Eric X. Rambert appeals from the District Court's order dismissing his complaint. For the following reasons, we will summarily affirm.

In 1983, Eric Rambert pleaded guilty in the Philadelphia County Court of Common Pleas to rape, robbery, burglary, involuntary deviate sexual intercourse, and conspiracy. He was sentenced to ten to twenty-five years in prison. Rambert has been unsuccessful in numerous rounds of state post-conviction and federal habeas corpus proceedings.

In November 2019, Rambert commenced this action pursuant to 42 U.S.C. § 1983 in the United States District Court for the Eastern District of Pennsylvania. In his operative amended complaint, he asserted several claims based on his belief that he was unlawfully classified as a career criminal when he pleaded guilty. First, he claimed that George Murphy, the Assistant District Attorney who prosecuted his case, and Jules Epstein, his defense attorney, violated his constitutional rights by relying on "false" prior convictions in designating him a career criminal. Next, he claimed that Attorney General Josh Shapiro, Executive Deputy Attorney General Robert Reid, and Stephen St. Vincent,

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

the Director of Policy and Planning at the Attorney General's Office, unlawfully denied his request that they correct his criminal record through an action under Pennsylvania's Criminal History Record Information Act (CHRIA). Lastly, Rambert claimed that Philadelphia District Attorney Lawrence Krasner and Assistant District Attorneys Douglas Weck, Simran Dhillon, and Benjamin Jackal violated his constitutional rights by maintaining improper records or failing to correct them in response to his "right to know law requests."

The District Court screened the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismissed it. Rambert appealed.[1]

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's sua sponte dismissal under § 1915(e)(2)(B). See Dooley v. Wetzel, 957 F.3d 366, 373 (3d Cir. 2020). We may summarily affirm on any ground supported by the record if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

We will affirm.[2] First, Rambert failed to state a claim against Attorney Epstein because public defenders are not state actors under § 1983 when they "perform[] a

---

[1] Rambert's application to proceed IFP is granted. See Sinwell v. Shapp, 536 F.2d 15, 19 (3d Cir. 1976). He is required to pay the full $505.00 fee in installments regardless of the outcome of the appeal. 28 U.S.C. § 1915 (b). The Clerk's Office is directed to issue an appropriate order to assess these fees.

[2] To the extent that the District Court dismissed certain claims based on Heck v.

3

lawyer's traditional functions as counsel to a defendant in a criminal proceeding."[3]  See Polk County v. Dodson, 454 U.S. 312, 325 (1981).  Rambert also failed to state a claim against ADA Murphy because "[a]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity."  Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993).

Next, Rambert's claim based on the alleged failure of defendants Attorney General Shapiro, Deputy Attorney General Reid, and Director St. Vincent to institute an action under the CHRIA does not implicate a constitutional right.  See generally McMullen v. Maple Shade Twp., 643 F.3d 96, 99 (3d Cir. 2011) ("[B]y its terms, § 1983 provides a remedy for violations of federal, not state or local, law."); see also Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) (explaining that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").

Finally, Rambert's claims against District Attorney Krasner and the ADAs fail because their actions do not fall afoul of the constitutional provisions on which he relies.  First, their alleged failure to correct Rambert's records in accordance with Pennsylvania

Humphrey, 512 U.S. 477, 486-87 (1994), we affirm the dismissals on the alternative bases discussed below.  Nonetheless, we note that insofar as Rambert may be using § 1983 to challenge his conviction and sentence, § 1983 is not the appropriate means for doing so.

[3] Although defense attorneys may act "under color of" state law when they conspire with state officials to deprive a person of his or her federal rights, see Tower v. Glover, 467 U.S. 914, 923 (1984), Rambert did not meaningfully allege that Epstein did so.

4

law does not implicate the Eighth Amendment, see U.S. Const. amend. VIII ("Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.").  Second, Rambert did not allege facts to support a plausible Equal Protection claim, see Phillips v. Cty. of Allegheny, 515 F.3d 224, 243 (3d Cir. 2008) (explaining that to state an equal protection claim on a "class of one" theory, "a plaintiff must allege that (1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment").  Third, Rambert's allegations do not state a procedural or substantive due process claim.  See Mathews v. Eldridge, 424 U.S. 319, 333 (1976) ("The fundamental requirement of [procedural] due process is the opportunity to be heard at a meaningful time and in a meaningful manner." (quotation marks omitted)), Mulholland v. Government County of Berks, 706 F.3d 227, 241 (3d Cir. 2013) (explaining that to state a substantive due process claim, a plaintiff must allege facts raising the inference that defendants' actions were so arbitrary, ill-conceived or malicious as to shock the conscience).

Finally, the District Court acted within its discretion when it declined to exercise supplemental jurisdiction over any state law claims.  See Doe v. Mercy Cath. Med. Ctr., 850 F.3d 545, 567 (3d Cir. 2017) ("A court may decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) when it dismisses all claims over which it has original jurisdiction." (quotation marks omitted)).

5

Accordingly, because this appeal does not present a substantial question, we will affirm the judgment of the District Court.  <u>See</u> 3d Cir. L.A.R. 27.4; I.O.P. 10.6.